CASE 107.—ACTION BY NANCY E. BEAMS AGAINST DREW
BEAMS.—June 17, 1910.

## Beams v. Beams.

Appeal from Whitley Circuit Court.

W. T. DAVIS, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Libel and Slander—Words Spoken—Question for Jury—
"Steal."—In an action for slander by a daughter against her
father, where the slanderous words charged in the petition
were, "Bet, did you get my money? I knowed when you
were standing there at the head of my bed taking my money,"
and an amended petition alleged that the words were, "Bet,
you got my money. I know damn well you did. You were
at the head of my bed last night and took it," and a second
amended petition alleged the words to be, "Bet, you stole
my money. I know damn well you did. You were at the
head of my bed last night and took it," and plaintiff's evidence was unsatisfactory as to why she did not rely on the
words set out in the second amended petition, in the two
others, and the evidence of her only witness, who was present when the words were spoken, was not conclusive as to
what words were used, even if the word "steal" was used, in
view of the relationship and situation of the parties—it was
a question for the jury whether the father meant to charge
his daughter with the crime of larceny, since colloquially
the word "steal" is often used where no intimation of a crime
is intended.

2. Libel and Slander—Instructions—Refusal to Modify.—In an
action for slander by a daughter against her father, where it
was doubtful whether the father meant to charge his daughter with the crime of larceny, it was error to refuse to modify a charge that if the jury believe that defendant in the
presence of any person other than plaintiff falsely and ma-

liciously spoke to her the following words: "Bet, you stole my money. I know damn well you did. You were at the head of my bed last night and took it"—or, in substance, the same as the above words, by adding, "meaning thereby to charge that the plaintiff had committed the crime of larceny," then you will find for plaintiff, etc.

3. Libel and Slander—Instructions—"Larceny"—What Constitutes.—In an action for slander by a daughter against her father, where it was doubtful whether the father meant to charge his daughter with the crime of larceny, the court should have charged that the crime of larceny is committed where one person takes the property of another with intent to convert it to his own use or that of another, and that the crime is not committed where the taking is done by a person innocently and without any evil intent, and that unless the words were intended to charge the plaintiff with the crime of larceny, and would be naturally so understood by the person hearing them, they should find for defendant.

FAULKNER & SHARP for appellant.

TYE & SILER for appellee.

Opinion of the Court by Judge Hobson—Reversing.

Nancy E. Beams instituted this action against her father, Drew Beams, to recover $5,000 for slander. In her original petition she charged that he spoke of her these words: "Bet, did you get my money? I knowed when you were standing there at the head of my bed taking my money." In an amended petition, filed soon after the original, she alleged that the words were these: "Bet, you got my money. I know damned well you did. You were at the head of my bed last night and took it." In a second amended petition, filed about a year afterwards, she alleged that the words were these: "Bet, you stole my money. I know damn well you did. You were at the head of my bed last night and took it." Appel-

lant filed an answer in which the allegations of the petition were traversed. The case came on for trial, and the court required the plaintiff to elect whether she would sue for the words in her original petition or in her second amended petition. She elected to sue for the words in the second amended petition. The proof on the trial showed that Drew Beams was a widower; that his daughter and her husband lived with him, keeping house for him at his request; that he went to a circus and came back drunk; that the next morning he missed from his pocket $10 which he thought he had in his pocket the night before. Plaintiff testified that, when her father missed the money the next morning, he said to her, "Bet, you stole my money;" that she said, "Pap, I ain't seed your money," and commenced crying, and told him she had not come there to rob him, but came to take care of him; that he said he knew when she was standing at the head of his bed that night. She introduced two other witnesses, whose testimony tended to support hers in some measure. On the other hand, the father testified that he missed the money, that he had no thought of charging his daughter with stealing it, but that he simply asked her if she had gotten the money, thinking she had taken it out of his pocket to take care of it for him, or to tease him.

On this evidence the court gave the jury the following instructions: "(1) If you believe from the evidence in this case that the defendant, Drew Beams, in Whitley county, Ky., and in the presence and hearing of any person other than the plaintiff, falsely and maliciously spoke to her the following words, to wit: 'Bet, you stole my money. I know damned well you did. You were at the head of my bed last night

and took it'—or *in substance the same as the above words,* then you will find for the plaintiff such a sum in damages as you may believe from the evidence will fairly and reasonably compensate her for the injury, if any, to her reputation, as well as for the pain and mental distress, if any, caused to her by reason thereof, and, in addition thereto, you may find for the plaintiff any sum in your discretion as punitive damages which you may believe from the evidence is just and right for the speaking of such words, provided your whole finding does not exceed $5,000, but, unless you so believe from the evidence, you will find for the defendant." The defendant objected to the instruction, as given by the court, and moved the court, in substance, to add to the instruction, after the words placed in italics, these words: "Meaning thereby to charge that the plaintiff had committed the crime of larceny." The court refused to do this. The defendant thereupon asked the court to instruct the jury that if they believed from all the evidence that the defendant did not mean to charge the plaintiff with taking and stealing his money, with a view of converting it to her own use, and his words were so understood by the persons who heard them, they should find for the defendant. The court refused to so instruct the jury, and the jury found a verdict in favor of plaintiff for the sum of $200, of which the defendant complains.

Plaintiff's evidence is very unsatisfactory as to why she did not in her petition or first amended petition rely upon the words which are set out in her second amended petition. The evidence of the only other witness whom she introduced to sustain her, and who was present when the words were spoken, is not at all conclusive as to the words that the de-

fendant really used; and even if the word "steal" was used, in view of the relationship and situation of the parties, it was a question for the jury whether the father meant to charge his daughter with the crime of larceny. Colloquially, the word "steal" is often used where no intimation of a crime is intended; as where one boy says of another that, while he was in the river bathing, the other boy stole his clothes and hid them, so that, when he came out, he had nothing to put on. In view of the evidence, the court should have modified instruction 1, as asked by defendant, and by another instruction he should have told the jury that the crime of larceny is committed where one person takes the property of another with intent to convert it to his own use or that of another, and that the crime is not committed where the taking is done by a person innocently and without any evil intent. By another instruction he should have told the jury that unless the words spoken by the defendant were intended to charge the plaintiff with the crime of larceny, and would be naturally so understood by the person or persons who heard them, they should find for the defendant.

In Welsh v. Eakle, 7 J. J. Marsh, 424, the defendant was charged with saying of the plaintiff: "You stole my corn out of the field." It was held that it was a question for the jury in what sense the words were used. The court said: "As the words were susceptible of a twofold meaning, one imputing a felony, and the other amounting to a trespass only, it was the province of the jury to determine, from the circumstances, in what sense they were uttered and understood. This is the rational and legal rule as now well established by authority." See, also, 25 Cyc. 449, 502, and 543.

Judgment reversed and cause remanded for a new trial consistent with this opinion.