## Deitchman v. Bowles.

(Decided October 19, 1915.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch No. 4).

1. **Libel and Slander—Questions for Jury.**—Where the language complained of is susceptible to two interpretations, one actionable and the other non-actionable, and the accompanying language does not show in which sense the language complained of was spoken, it is for the jury to determine in which sense it was used.

2. **Libel and Slander—Instructions.**—The word "rob" in its colloquial sense is not actionable; and where its use is charged in slander, the court should tell the jury what constitutes the offense of robbery, and that unless the words spoken were intended to charge plaintiff with the crime of robbery and would be naturally so understood by persons hearing them, the verdict should be for the defendant.

3. **Appeal and Error—Preservation of Objections in Bill of Exceptions.**—Complaint of a ruling limiting the number of witnesses cannot be considered on appeal where the bill of exceptions does not show such ruling.

4. **Libel and Slander—Evidence—Admissibility of Evidence of plaintiff's Good Character.**—In an action of slander plaintiff may prove his good character, although not attacked, even though there be no plea of justification.

CLEM W. HUGGINS, ROBT. J. HAGAN and L. D. GREENE for appellant.

ROBT. L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

J. A. Bowles sued William Deitchman in the Jefferson Circuit Court for slander. He recovered a judgment in the sum of five hundred dollars; and the defendant appeals.

This case is the aftermath of a hotly-contested election, in the course of which, appellant in a campaign speech made remarks to which appellee took exception.

The language which plaintiff complained of was as follows: "This man is a great booster of Highland Park; he robbed his sister-in-law of three hundred dol-lars, and caused her to have to send her children to an Orphan's Home."

The word "rob" does not necessarily carry with it the imputation of crime. Given its technical meaning as used in law, it of course imports the commission of a felony; but colloquially, it is quite often used when no imputation of crime is intended, and, where used in its colloquial sense, it is not actionable *per se*.

If a consideration of all the language used at the time the word "rob" was used, demonstrates that it was used only in its colloquial sense, it will be held non-actionable *per se* as a matter of law. McCauley v. Elrod, 27 S. W., 867; 16 R., 291.

But, in the absence of accompanying language determining the quality of expressions having two interpretations, one actionable, and the other non-actionable, it is for the jury to determine in which sense the language was spoken. Beams v. Beams, 138 Ky., 818; 129 S. W., 298; Welsh v. Eakle, 7 J. J. M., 424; Dedway v. Powell, 4 Bush, 77; 96 A. D., 283; Winstead v. Trice, 5 R., 863; 12 Ky., Opin., 590.

The court instructed the jury that if they believed from the evidence that on November 3, 1913, in the presence and hearing of some other person, defendant, William Deitchman, falsely and maliciously spoke of and concerning plaintiff, the language above set forth, "thereby meaning that the plaintiff had committed the crime of robbery," the jury should find for plaintiff.

Defendant objected to this instruction, and asked the court to give an instruction defining the crime of robbery as used in the instructions given. This request the court denied, and of this ruling appellant complains.

The case of Beams v. Beams, *supra*, is directly in point, and conclusive upon the contention here presented. In that case, the word "stole" was complained of. After noting that the word has an actionable and a non-actionable sense, and that the plaintiff could not recover, if the word was used colloquially, but could recover if it was used in its actionable sense, that is, "meaning thereby to

charge the plaintiff with having committed the crime of larceny,'' the court held that the trial court should have told the jury what constitutes larceny, and should have instructed them that unless the words spoken by defendant were intended to charge the plaintiff with the crime of larceny and would be naturally so understood by the persons who heard them, the verdict should be for the defendant.

In the instant case, as the plaintiff may recover only in the event the word ''rob'' was used in its actionable sense (no special damages being shown), the court, in order that the jury might intelligently determine whether the language complained of was used and was understood by its hearers, in its actionable sense, should have told the jury what is required to constitute the crime of robbery, and that unless they believed from the evidence that the defendant in using the language complained of intended to charge plaintiff with the crime of robbery, as in the instructions defined, or that the language used was reasonably calculated to cause the persons who heard it to so understand it, they should find for the defendant.

For this error in the instructions, defendant is entitled to a new trial.

2. Appellant also complains that the trial court erred in limiting the number of witnesses permitted to be introduced by each side; but as the bill of exceptions does not show that any such ruling was made by the court, the complaint cannot be considered upon appeal.

3. It is further contended by appellant that the trial court erred in refusing to permit him to show that the language complained of was uttered in the course of a hotly contested campaign in which appellant and appellee were opposing candidates for the office of trustee of the village of Highland Park and in response to attacks which had been made upon him by appellee. We think it was competent to show that the language was uttered in the course of such a speech, that the parties were opposing candidates, and also (if defendant so desired) to prove statements made by plaintiff concerning defendant at that meeting, although statements made by him at other times or on other occasions were not competent.

4. Another ground urged is that the trial court erred in sustaining the objection to a question asked by him on cross-examination of one of appellee's witnesses,

as follows: "Q. You were a. follower of Mr. Bowles in that campaign?" The ruling was right. It was competent, of course, to show that the state of feeling between the witness and appellee was friendly, but not by way of questions like the one propounded.

5. Finally appellant complains of the ruling of the trial court in permitting appellee to show that his reputation for honesty was good, no attack upon his character, either by a plea of justification or by evidence, having been made by appellant upon the trial.

This has been said to be "one of the most controverted questions in the whole law." Wigmore on Evidence, Vol. 1, Sections 70-76. This writer also says "The better rule seems to be that his reputation is assumed to be good and that he has therefore no need to sustain it until it has been attacked."

Chamberlayne on Evidence, Section 3284, says it is difficult to determine which is the prevailing doctrine in regard to the admissibility of evidence of the plaintiff's good character, especially where there is no plea of justification. The same uncertainty in respect to the course of decision and weight of authority is expressed in the following works: Greenleaf on Evidence, Vol. 1, Sec. 55; 8 Ency. of Evidence, 274; Newell on Slander and Libel, Section 933; 25 Cyc., 507.

We have been able to find but one reported case in this State where the question seems to have been directly presented. In Williams v. Greenwade, 3 Dana, 432, an action of slander, the defendant tendered the general issue, a common law plea under which the defendant was not permitted to prove the truth of the defamatory words. The court said: "And, as injury to character is the gravamen of slander, goodness of character may be proved in aggravation as badness may be proved in mitigation of damages in an action of slander."

Under the authority of this case, we hold that plaintiff may introduce in chief, evidence of good character, although there be no plea of justification or any evidence offered by defendant attacking plaintiff's character; but the same being competent only for the purpose of increasing the damages, the jury should be admonished that such evidence may be considered only as bearing upon that question.

For the errors indicated, the judgment is reversed for further proceedings consistent herewith.