## Stark v. Commonwealth.

(Decided April 19, 1916.)

### Appeal from Warren Circuit Court.

1. Indictment and Information—Requisites and Sufficiency of Accusation.—Where the offense charged is purely statutory, an indictment will be sufficient if it follows the language of the statute, provided the words of the statute are fully descriptive of the offense; but, if they are not fully descriptive of the offense, it is essential that the indictment should set out the facts which constitute the offense so that the defendant may have notice of that with which he is charged.

2. Indictment and Information—Requisites and Sufficiency of Accusation.—Section 1158 of the Kentucky Statutes fully describes the offense of unlawfully detaining a woman against her will with intent to have carnal knowledge with her; and, an indictment which follows the language of the statute, is sufficient; it is not necessary that the indictment should charge that the defendant forcibly detained the woman against her will.

3. Criminal Law—Unlawfully Detaining Woman.—Upon a trial under an indictment under section 1158 of the Kentucky Statutes charging the defendant with unlawfully detaining a woman against her will, with the intent to have carnal knowledge with her, it was for the jury to say whether the advances admitted to have been made by the defendant were against the will of the prosecuting witness.

THOMAS & THOMAS for appellant.

M. M. LOGAN, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

The appellant, J. Will Stark, was indicted by the grand jury of Warren county upon the charge of having detained a woman against her will. The jury found appellant guilty of an assault, and fined him $500.00. He appeals, and asks a reversal upon three grounds: (1) that the indictment was insufficient, because it failed to charge

that the detention of the woman was accompanied by force; (2) that the court erroneously failed to instruct the jury that in order to convict the appellant the detention must have been forcible; and (3) that appellant was not guilty under the proof.

Appellant was indicted under section 1158 of the Kentucky Statutes, which reads as follows:

"Whoever shall unlawfully take or detain any woman against her will, with intent to marry such woman, or have her married to another, or with intent to have carnal knowledge with her himself, or that another shall have such knowledge, shall be confined in the penitentiary not less than two nor more than seven years."

The indictment follows the letter of the statute, and charges that Stark "did unlawfully, wilfully and feloniously detain" the female named in the indictment, against her will, for the purpose of having carnal knowledge of and sexual intercourse with her, she not being his wife.

Appellant cites no authority in support of the contention that the indictment should specifically charge a forcible detention. He insists, however, that the statute does not cover cases where the arts of persuasion alone were used; and, that although a man might persuade a woman against her will to remain with him for the purpose of improper relations, he would not be guilty of the offense described in the statute unless he used some physical force in order to effect the detention.

It is further stated that while this court has uniformly held that the force used in the detention of a woman might be slight, it has, nevertheless, in every case been held that physical force is an essential ingredient of the offense.

In taking this position, however, appellant's attention is centered upon the proof necessary to convict, rather than upon the indictment, which merely charges the statutory offense.

The test of the sufficiency of an indictment charging a statutory offense, was stated as follows in Tudor v. Commonwealth, 134 Ky. 189:

"Where the offense charged is purely statutory, the indictment will be sufficient if it follows the language of the statute, provided the words of the statute are fully descriptive of the offense; but, if they are not, it is essential that the indictment set out the facts which constitute the offense so the defendant may have notice of

that with which he is charged. Our meaning finds an illustration in the case of the Commonwealth v. Moore, 30 S. W. 873, 13 R. 212, in which this court in passing upon an indictment for carrying away or injuring property found under section 1256, Ky. St. 1909, held that, although it followed the language of the statute, the indictment was insufficient because it failed to allege that the taking of the property was without the consent of the owner.''

See also Commonwealth v. Gregory, 121 Ky. 458; Howerton v. Commonwealth, 129 Ky. 482; Bennett v. Commonwealth, 133 Ky. 452; Commonwealth v. White, 33 Ky. L. R. 70, 109 S. W. 324.

The offense is the detention of the woman against her will; it is fully described by the statute. But, in proving the detention, the Commonwealth necessarily must show the exercise of force, although it be slight; otherwise there would be no detention. The indictment, therefore, was sufficient when it charged the detention of the woman against her will; it fully described the offense.

The instructions followed the language of the indictment, and there is no complaint of them except in the one respect above mentioned. But the first instruction not only gave the law applicable to the case under the statute, but it further told the jury that any force, however slight, exercised against the woman named in the indictment, if any there was, against her consent, for the purpose of having carnal knowledge with her, was a detention in contemplation of law.

Appellant does not complain of the qualifying clause of the instruction above pointed out, but insists that the principal instruction should have required the jury to find that the detention was forcibly accomplished, before they could find the appellant guilty. But, as above pointed out, detention necessarily implies force, and the qualifying clause of the instruction properly told the jury that if any force, however slight, was used, detention was the result.

By the second instruction the court further advised the jury that if they believed the appellant had not been proven guilty of detaining the woman as predicated in the first instruction, but should believe beyond a reasonable doubt, that the defendant assaulted her by laying his hands upon her person, they should find the defendant not guilty as charged in the indictment, but should find

him guilty of the lower offense of assault, and fix his punishment accordingly.

By the third instruction, the jury was further directed that in case of doubt, they should find the defendant guilty of the lower offense of assault, and fix his punishment accordingly; and appellant was found guilty of assault, only.

There is no complaint of this instruction, and under the adjudications of this court, the instruction was proper. Bowman v. Commonwealth, 31 Ky. L. R. 828.

Little need be said upon the merits of the case, since the appellant practically admitted every fact charged against him, his only contention being that his advances to the prosecuting witness were made with her consent. That, however, was a question for the jury. And, when both the appellant and the prosecuting witness agreed that the prosecuting witness fled after appellant kissed her and put his hand upon her person, the jury were fully warranted in their conclusion that appellant's advances were without the consent of the prosecuting witness, and constituted an assault within the meaning of the law.

We see no prejudicial error in the record.

Judgment affirmed.