## Head v. Commonwealth.

(Decided November 6. 1925.)

### Appeal from McCreary Circuit Court.

1. Indictment and Information—Indictment Must Charge Facts Necessary to Constitute Offense at Common Law, where Statute Merely Prescribes Punishment.—Where offense is created and defined by statute, indictment charging such offense is sufficient, if it substantially follows terms of statute, but, if statute merely prescribes punishment for offense at common law, indictment must charge all facts necessary to constitute the offense as defined by the common law.

2. Indictment and Information—Indictment for Stealing Appearance Bond Defective in Failing to Allege Asportation Against Owner's Consent with Intent to Convert—"Steal."—Indictment under Ky.

Stats., section 1197, for stealing appearance bond which followed words of statute, but did not allege asportation against owner's consent with intention to convert, held defective, since such statute merely makes it an offense to steal public document and prescribes punishment therefor, and it was therefore necessary to allege common-law elements of asportation against owner's consent with intent to convert; use of word "steal" in indictment not being sufficient to satisfy Criminal Code of Practice, section 122.

3.   Criminal Law—Ruling on Demurrer Reviewable, though Not Incorporated in Motion and Grounds for New Trial.—It is not necessary to incorporate in motion and grounds for a new trial court's ruling on a demurrer to bring that question before reviewing court.

H. M. CLINE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—Reversing.

The indictment under which appellant was convicted and sentenced to confinement in the penitentiary for two years, accuses him of the offense of "stealing a bond from the office of the judge of the McCreary county court," which is alleged to have been committed as follows:

"The said Hustler Head, on the fifth day of April, 1924, before the finding of this indictment, and in the county and state aforesaid, did unlawfully, willfully, corruptly, and fraudulently steal an appearance bond from the office of the county judge of McCreary county."

Then follows a description of the bond, coupled with a statement that it had been regularly and duly executed. There is, however, no allegation that the bond was taken and carried away against the will or without the consent of the county judge, with the intention of depriving the owner thereof or of converting same to his own use. Because of the failure to allege these essential elements of larceny, it is insisted by the appellant that the indictment is fatally defective, and that the court erred in overruling his demurrer thereto.

The rule is thoroughly established in this state that if an offense is created by statute, which also sets out and defines the necessary elements thereof, an indict-

ment charging such offense is sufficient if it substantially follows the terms of the statute, but if, upon the other hand, the statute merely prescribes the punishment for an offense at the common law, the indictment must charge all the facts necessary to constitute the offense as defined by the common law. Hudspeth v. Commonwealth, 195 Ky. 4, 241 S. W. 71; Gray v. Commonwealth, 195 Ky. 307, 242 S. W. 8.

Section 1197 of the statutes, under which the indictment was drawn, merely makes it an offense to "steal" and prescribes the punishment for "stealing" a public document, but does not otherwise define the offense. Hence, under the latter part of above rule, if a public document, such as appellant is accused of stealing, was the subject of larceny at common law, the indictment is fatally defective because it does not charge the necessary elements of the offense at common law.

While it is true, as urged by counsel for appellant, that bonds, notes and other written instruments promising or directing the payment of money, were not subjects or larceny, for the technical reason that such instruments were only evidences of a right, and a mere right was not such a thing as could be stolen, it is also true that some judicial records were the subjects of larceny. 36 C. J. 746; Bishop's New Criminal Law, vol. 2, page 449.

We need not, however, pursue the inquiry to ascertain whether such a judicial record as is here involved was a subject of larceny at common law, since, even if not, it is now, by reason of a statute which simply so declares and leaves us to the common law for a definition of the essential elements of the offense, and under the first division of the rule *supra* the indictment is not sufficient as it simply follows the language of the statute, which does not fully describe the offense. Commonwealth v. Moore, 30 S. W. 873, 17 R. 212; Stark v. Commonwealth, 169 Ky. 539, 184 S. W. 875.

We so far have assumed, as was expressly held in Beams v. Beams, 138 Ky. 818, 129 S. W. 298, that the word "steal" does not necessarily signify an asportation against the owner's consent with an intention to convert. It is insisted, however, for the Commonwealth that such is its ordinary meaning and that to accuse one of "unlawfully, willfully, corruptly and fraudulently stealing" sufficiently describes all the elements of larceny to enable a person of common understanding to know what is in-

tended, which is all that is required in an indictment by section 122 of the Criminal Code.

The force of this argument is apparent, but not only have we decided such is not the legal significance of ''steal'' in the case *supra* but that holding has been approved in Deitchman v. Bowles, 166 Ky. 285, 179 S. W. 249; Bishop v. Smith, 198 Ky. 230, 248 S. W. 538, and other cases therein cited, and that rule has also been applied uniformly to indictments in a great many larceny cases as it was in the Hudspeth and Gray cases, *supra.* And although it was held in Stewart v. Commonwealth, 191 Ky. 538, 230 S. W. 950, that the word ''steal'' as used in an instruction upon larceny correctly stated a felonious intention to carry away, deprive and convert, a majority of the court is of the opinion that the contrary rule with reference to an indictment is too thoroughly established to be departed from.

It follows, therefore, that the trial court erred in overruling the demurrer to the indictment, and that for this reason the judgment must be reversed, unless, as is urged by the Commonwealth, the question was waived by defendant's failure to incorporate it in his motion and grounds for a new trial.

This contention is clearly without merit, since it is well settled that it is not necessary to incorporate in the motion and grounds for a new trial the court's ruling on demurrer, to bring that question before this court for review. Miller's Appellate Practice, section 52; Fahrenholtz v. Eclipse Sewing Machine Co., 10 Ky. L. R. 153; John Sizemore v. Commonwealth, 210 Ky. 401, 276 S. W. 123.

It also is insisted for the appellant that the court erred in overruling his motion for a directed verdict, and in failing to instruct under sections 241 and 242 of the Criminal Code, with reference to accomplices, but as the judgment must be reversed for the reason already assigned, we need only state that we find no merit in either of these contentions.

Wherefore, the judgment is reversed, and the cause remanded for proceedings not inconsistent herewith.

The whole court sitting.