## Pawley v. Stone.

(Decided June 11, 1926.)

### Appeal from Hardin Circuit Court.

1. Libel and Slander—Instruction, in Action for Slander, to Find for Plaintiff if Defendant Meant to Charge Him with Larceny, Held Erroneous, in Absence of Instruction as to what Constitutes Larceny.—In action for slander for accusing plaintiff of stealing wood, instruction to find for plaintiff if defendant meant to charge him with larceny, unless it was true, held erroneous, where court failed to tell jury what constitutes larceny.

2. Libel and Slander—Where Defendant Made no Claim that His Statement that Plaintiff Stole Wood was Said in Colloquial Sense, but Claimed it to be True, it was Error to Submit Issue to Jury Whether Defendant Meant to Charge Plaintiff with Larceny.—In action for slander for accusing plaintiff of stealing wood, submission to jury of question whether defendant meant to charge plaintiff with larceny held erroneous, where defendant made no claim that words were spoken in a colloquial sense, but admitted speaking words and undertook to establish their truth.

3. Libel and Slander—Statement, "Why Did You Take the Children, and Pack my Strips and Slabs, and put Them in Your Yard?" Held Not Slanderous.—In action for slander for accusing plaintiff of stealing wood, statement by plaintiff of defendant, "Why did you take the children, and pack my strips and slabs, and put them in your yard?" held not slanderous.

4. Libel and Slander—Testimony by Defendant, Sued for Slander, as to what Plaintiff Said of Him in Regard to Stealing of Wood, Not Recalling the Exact Words, or Substantially their Substance, Held Not to Furnish Evidence for Submission of Issue on Defendant's Counterclaim for Slander.—Testimony by defendant, sued for slander for accusing plaintiff of stealing wood, that plaintiff

said of him, "What I got I had the children steal, or I stole, or something like that," without recalling exact words, or substantially their substance, held not to furnish even scintilla of evidence required for submission of an issue on defendant's counterclaim for slander.

5. Libel and Slander—Conclusions of Party that he was Being Charged with Larceny Cannot Supply Lack of Testimony as to What was Actually Said, or its Substance.—In action for slander, conclusions of party that he was being charged with crime of larceny cannot supply lack of testimony as to what was actually said, or its substance.

G. K. HOLBERT and H. L. JAMES for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant brought this action for slander against the appellee, alleging that the appellee had spoken of and concerning him in the hearing and presence of Charlie Walker: "You stole my wood," meaning thereby to charge the appellant with the crime of larceny. The appellee by the first paragraph of his answer denied that he falsely or maliciously spoke the words complained of, meaning to charge the appellant with the crime of larceny; but by the second paragraph he averred that it was true that the appellant "did unlawfully and without right take and convert to his own use and steal the wood" of the appellee, and that the words complained of were true. By an amended answer and counterclaim the appellee alleged that on the occasion complained of by the appellant, the appellant had spoken of and concerning the appellee in the hearing of Charlie Walker these words: "What wood you got you stole," meaning thereby to charge the appellee with the crime of larceny. The pleadings of the appellee being duly controverted of record, the parties went to trial. The jury found a verdict for the apellee. Appellant's motion and grounds for a new trial having been overruled, he brings this appeal.

He relies for reversal on claimed errors in the instructions. But four were given. The third defined "malice;" and the fourth informed the jury that nine or more of them might find a verdict. The first instruction told the jury that if they believed from the evidence that the appellee, "by the use of the words alleged in the petition meant to charge the plaintiff (appellant)

had committed the crime of larceny," they should find for the appellant according to the measure of damages set out in this instruction, unless they believed from the evidence that the words spoken were true, in which event they should find for the appellee. This instruction is erroneous for two reasons: First, the court nowhere told the jury what was the crime of larceny, and therefore left it to the jury to determine for themselves, without any guide, what in law amounted to the crime of larceny. This was error. Deitchman v. Bowles, 166 Ky. 285, 179 S. W. 249. In the second place, the court should not have submitted to the jury the question whether or not the appellee, by the use of the spoken words, meant to charge the appellant with the crime of larceny. It is true that in the case of Beams v. Beams, 138 Ky. 819, 129 S. W. 298, we held that where, from the facts, it was questionable whether the word "stole" had been used in its colloquial sense rather than in its technical sense, the court should have left it to the jury to determine in what sense the word had been used, yet we also held in the case of Compton v. Wilkins, 164 Ky. 634, 176 S. W. 36, that, where the defendant in his answer admitted that he did speak the words complained of, intending to charge the plaintiff with the crime of fornication, and further pleaded the truth of such charge, no issue was raised as to what the defendant meant when he uttered the words complained of, and hence the question as to what the defendant meant by such words should not be submitted to the jury. In the case of Ray v. Shemwell, 186 Ky. 442, 217 S. W. 351, the words complained of were: "He is a thief and I can, prove he stole from me." The court in submitting the case to the jury, after telling them to determine whether or not the defendant had spoken the words, then said: "Thereby meaning that the plaintiff Ray had committed the crime of larceny." We said: "The words charged being actionable *per se* it was not for the jury to say what the defendant meant by making the charge. Its only duty in this respect was to say whether the defendant made the charge." In the case before us there was no occasion for the application of the rule in the Beams case, because, although the appellee by his answer denied that he meant to charge the appellant with the crime of larceny, yet he immediately coupled this denial with the allegation that the appellant had stolen his wood and had unlawfully and without right took and converted it to his own use and that the words

complained of were true. In his proof the appellee admitted the speaking of the words and undertook to establish their truth. He made no claim that the words were spoken in a colloquial sense, and this being true the court should have told the jury in substance to find for the appellant, unless they believed from the evidence that the words spoken, informing the jury what they were, were true.

On a retrial of this case, if the evidence is substantially the same as on this first trial, the court will not give instruction No. 2, which submitted to the jury the question of appellee's rights under his counterclaim, because there was no proof that the appellant had spoken of and concerning the appellee "what wood you got you stole." All the testimony in the case, except that of appellee, is to the effect that the appellant said on this occasion: "Why did you take the children and pack my strips and slabs and put them in your yard?" This was not slanderous. See Renaker v. Gregg, 147 Ky. 368, 144 S. W. 89. Appellee testified that the appellant said of appellee on the occasion in question: "What I got I had the children to steal or I stole, or something like that." On cross-examination he said the words were: "Whatever portion of those strips I did get I stole or had the children steal, or something of that kind." Q. "You don't know the exact words that were used?" A. "No, not the exact words, it was something to that effect." It is obvious that these statements of the appellee do not furnish even the scintilla required for a submission of an issue. Appellee could not remember the exact words or even substantially their substance. It may be true that appellant said what the other evidence shows he said, and that appellee concluded from such statement that he was being charged with the crime of larceny. But his conclusions cannot supply the lack of testimony as to what the appellant did say *per haec verba* or in substance. The court will, therefore, if the evidence be the same on the next trial, omit submitting this issue to the jury. Of course, it follows that, in that event, instruction No. 3 will not be given.

Judgment reversed for a new trial consistent with this opinion.