## Pawley v. Stone.

(Decided May 27, 1927.)

### Appeal from Hardin Circuit Court.

1. Appeal and Error.—Instruction in slander trial, defining "larceny" not used in other instructions, and instruction defining "malice," contrary to Court of Appeals' direction not to give such instruction, if instruction submitting defendant's rights under counter-

claim were omitted, as directed, in case evidence was substantially same as on former trial, held erroneous.

2. Appeal and Error.—Opinion on first appeal is law of case, binding on Court of Appeals as well as trial court, and, latter having failed to follow directions in former opinion, judgment should be reversed, if errors complained of are prejudicial to appellant's substantial rights, but not otherwise.

3. Appeal and Error.—Instructions, on retrial of slander suit, defining "larceny," not used in other instructions, and "malice," contrary to Court of Appeals' directions, held not prejudicial to plaintiff's substantial rights, within Civil Code of Practice, section 756, so as to warrant reversal of judgment on second verdict for defendant.

H. L. JAMES and G. K. HOLBERT for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, John Pawley, who was the plaintiff below, brought this action for slander against the appellee, it being alleged in the petition that the appellee had spoken of and concerning him in the presence of another, "You stole my wood."

This is the second appeal of this case, the opinion on the former appeal being reported in 215 Ky. 121, 284 S. W. 1012. The evidence on the second trial was substantially the same as on the first trial, and, as the facts are set out in the opinion on the first appeal, they will not be restated here.

The only grounds relied on by appellant for a reversal of the judgment are that the trial court erred in giving instruction No. 2 defining "larceny," and instruction No. 3 defining "malice." The opinion on the first appeal directed the trial court, on another trial of the case, to instruct the jury, in substance, to find for the appellant unless they believed from the evidence that the words spoken, informing the jury what they were, were true. And it further directed that, if the evidence was substantially the same on the retrial of the case, the court should not give instruction No. 2, given on the first trial, which submitted to the jury the question of appellee's rights under his counterclaim, and in that event not to give instruction No. 3, which had been given on the first trial and which defined "malice." Instruction No. 1 was given as directed, and instruction No. 2, which had been given on the first trial, was omitted. In other respects,

however, the trial court clearly misinterpreted the opinion on the first appeal and improperly gave the instruction defining ''larceny,'' and instruction No. 3 defining ''malice.''

Appellant insists that the opinion on the first appeal is the law of the case and is binding on this court as well as on the trial court, and, the latter court having failed to follow the directions given in the former opinion, that the judgment should be reversed. This is true if the errors complained of are prejudicial to the substantial rights of the appellant. If not prejudicial, the judgment should not be reversed just as it should not be reversed for any other errors nonprejudicial.

The word ''larceny'' was not used in any of the instructions except in the one defining it, and, not having been used, there was no occasion to define it, but we can conceive of no influence its definition could have had on the jury prejudicial to the appellant. Likwise, there was no occasion to define the word ''malice,'' but the only possible effect the instruction defining ''malice'' could have had on the minds of the jury was to lead them to believe that, in the event they found the words spoken to be untrue, and that appellee in speaking them acted with malice, they would be authorized in finding a larger sum in damages. The instruction therefore, conceding it to be erroneous, could only have been prejudicial to the appellee. This case has been tried twice and two juries have returned verdicts for the appellee, necessarily finding that the words spoken were true. Section 756 of the Civil Code provides:

> ''Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof.''

The giving of the instructions complained of was not prejudicial to the substantial rights of the appellant, and on the whole case no error is perceived warranting a new trial.

Judgment affirmed.