## Abbott v. Vinson.

(Decided October 8, 1929.)

C. F. SEE, Jr., W. J. ROBERTS and JOHN F. COLDIRON for appellant.

CAIN & THOMPSON and WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCAND-
LESS—Reversing.

In this action for slander it is alleged that defendant
falsely, etc., "spoke and published in the presence and
hearing of Lucille Roberts, Ruby Roberts, Lenore Rob-
erts, Miss Jones, John D. Marcum, Jay Roberts, and
divers other persons, of and concerning plaintiff, in sub-
stance these words: 'If you had not sold Paul Frazier
dope, he would have been alive. You sold him the dope
that caused him to kill himself. My wife saw you sell
him an eight-ounce bottle of dope' "—thereby falsely
and maliciously imputing to plaintiff the crime of unlaw-
fully selling and furnishing to another person drugs and
narcotics, in violation of the laws of the United States of
America, known as the Harrison Narcotic Act and
amendments thereto (26 USCA secs. 211, 691, et seq.).
Damages were asked in the sum of $25,000.

A demurrer was sustained to this pleading, and in
an amended petition, after reaffirming the allegations of
the original petition, it was alleged that "at the time
and on the occasion mentioned the defendant used the
further language concerning plaintiff, 'That the plain-
tiff had sold Paul Frazier morphine and paregoric, and
that Mrs. Lutie Vinson, who was at the time the wife of
the plaintiff, had seen defendant sell dope to Paul Fra-
zier, and that she saw Paul Frazier come out of there,
and she had taken it out of his pocket,' and that defend-
ant further on said occasion stated that 'he was going to
break the plaintiff up or put her in the federal prison.'
. . . that all of said statements were false, and wilfully
and maliciously made on said occasion, and were made
by defendant in the presence of Lucille Roberts, Ruby
Roberts, Lenore Roberts, Miss Jones, John D. Marcum,
Jay Roberts, and divers other persons, and that defend-
ant thereby imputed to and charged defendant with the
commission of a felony, to wit, the selling of morphine
and other narcotic drugs, in violation of the laws of the
United States, etc., that it was intended by defendant, at
the time he made said false statements, to impute to
plaintiff the commission of a felony, and that it was so
understood by the persons in whose presence and hear-
ing the statement was made"—the further allegation
being that Paul Frazier had formerly lived in the neigh-
borhood, and for a long period next before his death had
been a drug addict and constant consumer of morphine
and narcotic drugs, which fact was known to defendant

and plaintiff, and each of the persons in whose presence and hearing the statements were made. The court sustained a demurrer to the petition as amended, and, plaintiff failing to plead further, the petition was dismissed. She appeals.

It is not alleged in the petition that plaintiff is a physician, a druggist, or a drug clerk; consequently no cause of action is stated for an injury to her in her profession or occupation. Also there is no allegation of special damages; therefore, unless the quoted language is actionable per se to plaintiff as an individual, the petition was demurrable. To be actionable or slanderous per se to the individual, words falsely spoken must impute a crime involving moral turpitude, or an infectious disease, likely to exclude him from society. Spears v. McCoy, 155 Ky. 1, 159 S. W. 610, 49 L. R. A. (N. S.) 1033; Hickerson v. Masters, 190 Ky. 168, 226 S. W. 1072; Williams v. Riddle, 145 Ky. 461, 140 S. W. 661, 36 L. R. A. (N. S.) 974, Ann. Cas. 1913B, 1151.

Formerly, words spoken of another, if susceptible of more than one meaning, were construed in the milder sense, and, unless slanderous when so construed, such words did not form the basis of an action. In the later cases a more liberal rule has been adopted, and, if properly pleaded, words falsely spoken will be defined according to their popular meaning, and as intended to be meant by the speaker and understood by the hearers. Martin v. White, 188 Ky. 153, 221 S. W. 528; Cobb v. Tinsley, 195 Ky. 781, 243 S. W. 1009; 17 R. C. L. p. 312. And, in arriving at the sense in which the defamatory language is employed, it is proper to consider the circumstances surrounding its publication and the entire language used. 17 R. C. L. p. 313; Dedway v. Powell, 4 Bush (67 Ky.) 77, 96 Am. Dec. 283; Deitchman v. Bowles, 166 Ky. 285, 179 S. W. 249; Beams v. Beams, 138 Ky. 819, 129 S. W. 298.

The word "dope" is thus defined by Webster's New International Dictionary: Any thick liquid or pasty preparation, as of opium for medicinal purposes, of grease for a lubricant, etc." As popularly used, it ordinarily signifies an opium derivative, ranging from a harmless concoction, such as coca-cola, to the most powerful narcotics containing opium as an ingredient; its scope being so wide as to render its meaning colorless when used without qualifying words. Taken alone the

charge of "selling an eight-ounce bottle of dope" would not impute a crime involving moral turpitude; nor would the language, "If you had not sold Paul Frazier dope he would be alive," or "You sold him the dope that caused him to kill himself," or any combination of those words, have such effect, nothing else appearing. Therefore the court did not err in sustaining a demurrer to the petition.

The real question to be determined is the effect of the amended petition. The words that "the plaintiff had sold Paul Frazier morphine," when applied to a person not a physician or druggist, would impute a violation of the Harrison Narcotic Act. Appellee insists, however, that the petition contains no negation in this regard, and must be construed as admitting plaintiff had such occupation. We cannot agree with this suggestion; both presumptions claimed by appellee cannot exist, as one contradicts the other. As a whole, the pleading should be construed as stating that plaintiff was acting as an individual; hence this allegation states a cause of action. Also no one is sent to the penitentiary, except for a violation of law, and, if appellee used all of the language attributed to him, he must have meant, and been understood as meaning, that plaintiff had sold Paul Frazier, a drug addict, a character of dope that is prohibited by law, and one that caused him to kill himself, and would subject her to confinement in the federal penitentiary. Thus construed, these words, if falsely uttered, would be slanderous per se.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.