## McDANIEL v. MORRISON.
### No. 2103.

Court of Civil Appeals of Texas. Beaumont. Oct. 3, 1931.

Rehearing Stricken Because Filed too Late Oct. 7, 1931.

Sewell, Taylor, Morris & Garwood, of Houston, for appellant.

Fitzpatrick & Sargent, of Houston, for appellee.

### WALKER, J.

This action was by appellee against appellant for damages inflicted upon him by appellant in an automobile accident. The peti-

tion fully described the circumstances surrounding the accident, that is, appellee pleaded in detail the facts of the accident and the facts and circumstances constituting the negligence of appellant. Appellant answered denying the allegations of appellee's petition, and pleading against him several issues of contributory negligence. The case was tried to the jury upon forty special issues, submitting the different grounds of negligence pleaded by appellee against appellant and the different acts of contributory negligence charged against appellee. These several issues were raised by the evidence as issues of fact for the jury, and none of them were shown as a matter of law. Appellee's damages were assessed in the sum of $3,000 and judgment accordingly entered in his favor. Appeal was prosecuted to the Court of Civil Appeals at Galveston, and transferred to this court by orders of the Supreme Court.

### Opinion.

The court submitted to the jury the following charge on the burden of proof:

"The burden is upon the plaintiff to establish the facts alleged by him for recovery, as submitted to you herein, by a preponderance of the evidence.

"The burden is upon the defendant to establish the facts alleged by it in its answer for his defense of contributory negligence, as submitted to you herein, by a preponderance of the evidence."

Appellant reserved the following exceptions to this charge: "This defendant excepts and objects to the Court's instructions to the jury on the burden of proof, and says that same is too general, and that the jury would probably be in doubt as to the meaning thereof, and that the Court should definitely instruct the jury as to what particular issues the burden is upon the plaintiff to establish; and this defendant therefore requests the Court to so change the charge as to the burden of proof as to eliminate therefrom the following language: 'To establish the facts alleged by him for a recovery', and to insert in lieu thereof; 'to establish the affirmative or negative as the case may be of the several issues upon which the burden of proof rests upon the plaintiff to establish.'"

The charge on the burden of proof was subject to these exceptions. This charge required the jury to search the plaintiff's petition for the facts pleaded by him as a basis of his recovery, then to search the charge for the fact issues submitted, necessary to sustain his recovery, and then to answer these questions upon the burden of proof. As we understand our decisions, "when a case is submitted in this manner, the jury are not concerned with, nor are they presumed to

know, what facts are essential to be found to entitle the plaintiff to recover." Western Union Telegraph Co. v. Rutledge (Tex. Civ. App.) 15 S.W.(2d) 210, 211. See, also, Linn Motor Co. v. Wilson (Tex. Civ. App.) 14 S.W. (2d) 867, and authorities cited therein. This charge on the burden of proof constituted reversible error. In considering this assignment we have carefully reviewed Houston & T. C. Railway Co. v. Stevenson, 29 S.W.(2d) 995, 999, where Mr. Justice Sharp, speaking for the Commission of Appeals, said: "Since this case will be reversed and remanded, we think it proper to state that, when plaintiff pleads and relies for recovery upon specific acts of negligence on the part of the defendant, and the case is submitted to the jury upon special issues, it is proper to instruct the jury as to those acts of negligence so charged and relied upon that the burden is upon the plaintiff to establish them by a preponderance of the evidence. When the defendant challenges the right of plaintiff to recover by reason of certain exceptions, and that by virtue of certain exceptions there is no liability on the part of the defendant, and special issues based upon such exceptions are submitted to the jury upon such special issues, it is proper to instruct the jury that the burden is upon the defendant to establish them by a preponderance of the evidence." As we understand Judge Sharp's proposition, he placed the burden upon the trial court to select from the plaintiff's pleadings the "specific acts of negligence" pleaded by him constituting the basis of his recovery, and to submit such issues to the jury for their consideration and, when thus submitted, to direct the jury's attention thereto by a charge to the effect that the "burden is upon the plaintiff to establish them by a preponderance of the evidence." Judge Sharp said nothing suggesting, in the remotest degree, that the trial court should direct the jury's attention to the issues to be found in the plaintiff's favor in order that he might recover. All the authorities, as we construe them, condemn any ruling of the trial court or argument of counsel suggesting to the jury the facts necessary to be found by them in order to establish the plaintiff's cause of action. This proposition was clearly announced by the Supreme Court, under our certificate, in McFaddin v. Hebert, 118 Tex. 314, 15 S.W. (2d) 213, and condemns, as reversible error, the trial court's charge on the burden of proof.

Appellant also complains that the evidence was insufficient to sustain the jury's findings convicting him of negligence and acquitting appellee of contributory negligence. The evidence so clearly sustains these findings that we overrule these assignments without further consideration.

Appellant also complains of certain misconduct of the jury. He is estopped to assert error on this assignment. Before the verdict was received he knew in detail the conduct of the jury upon which this assignment is predicated and with this knowledge permitted the court to receive the jury's verdict and to discharge the jury without exception by him. Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S.W.(2d) 208.

For the error in the charge on the burden of proof the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.