## Abbott v. Vinson.

(Decided January 22, 1932.)

A. F. BYRD, C. F. SEE, JR., and A. J. KIRK for appellant.

W. T. CAIN, T. THOMPSON, WAUGH & HOWERTON, and VINSON & MILLER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

This is an action for slander, brought by appellant against appellee. In the circuit court a general demurrer was sustained to the petition, but on appeal the petition was held sufficient, and the judgment reversed. Abbott v. Vinson, 230 Ky. 786, 20 S. W. (2d) 995. On the return of the case to the circuit court, the issues were made up, and on a final trial of the case the jury returned a verdict for the defendant. The plaintiff appeals.

The slanderous words charged were these:

"You sold Paul Frazier morphine and dope and my wife saw you sell him morphine and dope and saw you sell him an eight ounce bottle of paregoric and she took it out of his pocket after you sold it to him and I saw Paul Frazier come out of there, and I saw her take the bottle of paregoric out of his pocket. If you hadn't have sold Paul Frazier the dope he would have been alive today. You sold him the dope that caused him to kill himself. I will not stop until I break you up or put you in the federal prison."

The plaintiff, Mary Abbott, is the wife of Charles Y. Abbott, who conducted a retail drug business in Louisa, Ky. The plaintiff, in her testimony in chief, testified that she had not sold Paul Frazier the drugs referred to, and had not been selling drugs of any kind out of the drug store at the time in question, or working in the drug store, by reason of the fact that she had been in bad health for about a year. On cross-examination the defendant asked her if she had not, during this time, sold morphine and paregoric to different parties, naming them, and she answered that she had not. She was then asked if she had not, when summoned as a member of the grand jury, stated that she was a drug clerk, and therefore exempt from grand jury service, and she denied making these statements to the parties named. The above witnesses were then allowed to be introduced, and testified, over her objection, that she had sold them the paregoric and morphine, as indicated in the questions, and that she had made the statements about not being qualified to serve on the grand jury because she was a drug clerk. The court charged the jury that the evidence was only competent for the purpose of contradicting the plaintiff as a witness, but she insists that it was not competent at all. The rule is that a witness may be contradicted by his statements out of court in conflict with his testimony in court, or by proof of acts done inconsistent with his testimony. The plaintiff, to sustain her case in chief, said she was not working in the drug store and not acting as a drug clerk or selling drugs. The proof that she had sold these things to the persons named contradicts her testimony; so were her statements as to serving on the grand jury. When the plaintiff not only denied selling the goods in question to Frazier and undertook to bolster her statement to that effect by the further statement that she was not working in the drug store, she opened the door for the defendant to show that she was working in the drug store. While this does not show that she had sold the goods in question to Frazier, it did contradict her testimony, and was at least competent for this purpose.

She also earnestly insists that the denial of the speaking of the words in the defendant's answer was insufficient. By his answer, the defendant denied that he "falsely or maliciously spoke of or concerning the plaintiff or to the plaintiff" the words set out in the peti-

tion, "or anything in substance to that ·effect." Then, after a denial that any of his statements were malicious or false, or imputed to the plaintiff the commission of a felony, are these words: "Which statements are denied being made."

The denial that the statements were false or maliciously made, as first above quoted, is not a denial that the statements were made. To be sufficient, the denial should have been that he falsely or maliciously or at all spoke the words named in the petition, or any part thereof; for the denial that he spoke all the words might be true if only one word charged had been omitted. The answer was not formally sufficient to place in issue the speaking of the words. Newman on Pleadings (3d Ed.), sec. 416. But there was no objection to the answer. The proof was heard on the question of what the defendant did say, without objection. The court's instructions submitted all the issues to the jury, and these instructions were not excepted to by the plaintiff. The case was tried on the merits, fairly, and the defect in the answer was cured by the subsequent proceedings. Nesbitt & Gudgell v. Whaley's Adm'r, 10 Ky. Law Rep. 400; Com. v. Higgins' Trustee, 82 S. W. 601, 26 Ky. Law Rep. 910; Rogers v. Felton, 98 Ky. 148, 32 S. W. 405, 17 Ky. Law Rep. 724; Doherty v. First Nat. Bank, 170 Ky. 814, 186 S. W. 937, and cases cited.

Lastly, it is insisted that the verdict is palpably against the evidence. While the plaintiff proved by herself and several other witnesses that the defendant did speak the words named in the petition, he testified to the contrary, and his testimony is supported to some extent by the testimony of the witnesses he introduced; for although they did not hear all that was said, their testimony as to what was said tends to support the testimony of the defendant as to what occurred on the occasion referred to. The court is unable to say that the verdict is palpably against the evidence.

As the jury found for the defendant, it is unnecessary for the court to pass on the question whether the court erred in sustaining the plaintiff's demurrer to the second paragraph of the defendant's answer.

Judgment affirmed.