**Dullo MARCUM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 29, 1957.

F. Vernon Faulkner, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, Dullo Marcum, was convicted of unlawfully detaining a woman against her will for the purpose of having carnal knowledge of her, and his punishment was fixed at confinement in the penitentiary, for two years. On this appeal he insists that the judgment should be reversed because the court erred: 1. in overruling his demurrer to the indictment; 2. in admitting incompetent and prejudicial evidence against him; 3. in not instructing the jury on the whole law of the case.

Prosecutrix was a married woman whose home was near Viper in Perry County. Around 11:30 on the night of February 21, 1956, she arrived in Hazard on the bus from Lexington. Her husband failed to meet her and at the bus

station while she was inquiring from a taxi driver the cost of cab fare to her home, appellant heard the driver say it would be $2. Appellant was not acquainted with prosecutrix, yet he told her he "lived up that way" and would drive her home in his car without charging her.

This is prosecutrix' version of what occurred. She got in appellant's car and soon after leaving Hazard he drove so fast he frightened her and she asked him to let her out of the car. He refused, she became panicky, started crying and offered him $5 to take her home. He replied he did not want her money. A short distance beyond Vicco, he turned the car around to determine if a car was following him and told prosecutrix he would take her home if she would submit to sexual intercourse with him. At a curve in Vicco, she jumped from the car, leaving her suitcase in it, screamed for help, ran across the highway and up the railroad. Appellant drove up close to her and threatened to shoot her if she did not return to his car. Mrs. Mullins and Mrs. Fugate heard prosecutrix screaming for help, took her in and their husbands later accompanied her home.

Appellant is a married man 28 years of age and has three children. His testimony is a denial of prosecutrix' statements that he made an indecent proposal to her or that she jumped out of his car. He says he let her out at or near Smith's filling station in Vicco and she took her suitcase when she got out. On his way home from Vicco he ran his car off the road and a friend advised him to leave it there and walk home as he had been drinking. The suitcase was later found at Smith's filling station. The only corroborative evidence he has is that of Mrs. Beavin, who testified that on the night in question around midnight she saw a woman standing at the filling station talking loudly to someone in a car.

■ There is no merit in appellant's argument that the indictment is bad. The accusatory part charges the crime of "detaining a female against her will and without her consent for the purpose of having carnal knowledge of her." The descriptive part avers appellant "did unlawfully, willfully, feloniously and maliciously and with force and arms detain a female, to-wit, * * *." It is appellant's contention that as the crime is a statutory one and is described in KRS 435.110, the indictment should follow the words of the statute. He argues that when the indictment used "willfully, feloniously and maliciously and with force and arms", these words prejudiced his case before a mixed jury of men and women.

We agree that had the indictment been in the language of the statute it would have been sufficient, and it was unnecessary to charge the crime was committed "unlawfully, willfully, feloniously and maliciously and with force and arms." However, these words are mere surplusage and did not make the indictment defective. Nor do we see how they could have prejudiced appellant's substantial rights before the jury. Stark v. Commonwealth, 169 Ky. 539, 184 S.W. 875; Gravitt v. Commonwealth, 184 Ky. 429, 212 S.W. 430.

■ The testimony of which appellant complains as being incompetent was that of Mrs. Watts who testified as to hearing prosecutrix scream for help, saying, "I'm a decent girl; I'm a married woman and have two little kids to live for." Mrs. Watts further testified a man was in a car at the railroad crossing and said, "You need to holler for help for nobody will help you here in Vicco at this time of night. I told you I was going to (using a four-lettered word for intercourse) and when I get you back in the car. God damn you, I'm gonna kill you." This was not hearsay testimony as it relates to facts constituting a portion of the transaction between prosecutrix and defendant, hence it is included in the res gestae and is admissible as such. Combs v. Commonwealth, 259 Ky. 730, 83 S.W.2d 46. Also see 20 Am.Jur. "Evidence" § 664, p. 557.

·The witness lived upstairs and appellant argues she could not have seen the railroad crossing or heard what she testified and it was evidently told to her by prosecutrix. This was a question for the jury and not for us.

Lastly, appellant argues the court erred in not giving an instruction on assault and battery. Here, the evidence did not justify such an instruction. Under it appellant was guilty of the crime of detaining prosecutrix against her will to have carnal knowledge of her or he was guilty of no crime. The facts in this case are quite different from those in Stark v. Commonwealth, 169 Ky. 539, 184 S.W. 875, where appellant planted an unwanted kiss on prosecutrix' cheek and she fled from his store. In the instant case, there is no testimony that appellant put his hands on prosecutrix to caress her but her testimony is to the effect that he detained her against her will in his car with the threat that he would have sexual intercourse with her. Under this evidence there was no place for an instruction on assault, or assault and battery. Weiser v. Commonwealth, 201 Ky. 176, 256 S.W. 16.

The judgment is affirmed.