### KUHN v McNEAL

Ohio Appeals, 2nd Dist, Franklin Co

Decided Oct 7, 1931

E. O. Ricketts, Columbus, for plaintiff in error.

C. C. Crabbe and Garek & Sillman, Columbus, for defendant in error.

KUNKLE, J.

Counsel have favored the court with unusually exhaustive briefs, and various authorities are cited and discussed therein, and many portions of the testimony are referred to or quoted. We shall not attempt to discuss the authorities nor the testimony in detail.

In brief, it appears from the record that

during the month of September, 1928, Mc-Neal and his family moved into a house located at 73 Rogers avenue in Columbus, Ohio, renting the same from the defendant below, Ella Waters, the owner thereof; that certain children in McNeal's family, contracted scarlet fever, and the house was under quarantine for a period; that when the quarantine was lifted McNeal moved, and at the time of moving out of the premists owed, as he claims, $33 for gas and rent of the premises; that he received a letter from the defendant Waters for payment of such amount shortly after he moved; that he subsequently received a letter from the defendant Gaither, who was acting as a collection agent, in which the rent then due was stated as $40; that he was unable to pay the same, and thereupon the defendant Gaither, an affidavit having been filed in the office of the defendant Kuhn, a justice of the peace, arrested defendant in error one evening at his home near Grove City, bringing him from his home through Columbus and on to Bexley where the said Kuhn resided; it is claimed that said Kuhn told McNeal if he could raise $74 he would be released, otherwise he would have to give bond or go to jail; that McNeal being unable to raise this sum, a bond in the sum of $500 was fixed, and, upon McNeal's failure to give such bond, the defendant Kuhn issued commitment papers ordering the said Gaither to take the said McNeal to the county jail; that he was compelled to remain there three days and three nights, until he was released by a proceeding in habeas corpus.

The affidavit in question has been introduced in evidence as an exhibit, and, omitting the formal parts, charges that on or about the 19th day of January, 1929, at the county of Franklin and state of Ohio, the said McNeal did unlawfully and willfully and with intent to defraud obtain lodging and other accommodations at a certain lodging house then and there situate at 73 Rogers avenue, Columbus, Franklin county, Ohio, and left the same without paying Ella Waters the proprietress thereof, defrauding the said proprietress out of the sum of $61.00. The warrant to arrest recites that one Harley E. McNeal, alias O'Neal, unlawfully did then and there defraud her, Ella Waters, out of the sum of $61.00 for lodging and other accommodations.

The commitment issued by the plaintiff in error Kuhn is to the effect that Harley E. McNeal has been arrested on the oath of Mrs. Ella Waters for defrauding an innkeeper, etc. It is apparent that the parties to this transaction were attempting to pro-ceed under §13131, GC, which provides that, "Whoever, with intent to defraud, obtains food, lodging or other accommodations at a hotel, inn, boarding or eating house or private room in or pay-ward of a hospital or sanitarium, shall be fined", etc.

The purpose in the enactment of this statute is so well known that it is unnecessary to discuss the reason for its enactment. It was intended to protect that class of persons who furnish lodging, food, etc., to the public in general; that is, the class of persons who furnish such accommodations to transient people. The Legislature saw fit to protect that class of business people who are in charge of hotels, inns, boarding or eating houses, and serve the public in general, from imposition by transient persons who secure such accommodations, and then fail or refuse to pay for the same.

It is urged with much force by counsel for defendant in error that the said affidavit does not charge any offense under the laws of Ohio. We are in accord with this contention of counsel for defendant in error. The affidavit charges that the defendant in error McNeal obtained lodging and other accommodations at a certain lodging house located at 73 Rogers avenue, Columbus, Ohio. A lodging house is not included within the class protected by the statute. As above stated, hotels, inns, boarding or eating houses, or private rooms or pay wards of a hospital or sanitarium, constitute protected classes under the statute. We are clearly of opinion that the affidavit charged no offense under the said statute, and therefore the plaintiff in error Kuhn, as justice of the peace, was without authority to issue a warrant based upon such affidavit. The fact that when he made out a commitment for defendant in error he used the term, "defraud an innkeeper," does not cure the defect in the affidavit under which the commitment must be made.

The record clearly discloses that this arrest was for the purpose of collecting ordinary house rent for the premises at 73 Rogers avenue, Columbus, Ohio. The record at various points shows the nature of these premises, and the purpose and use that was made of them. The nature of these rooms which were so rented by defendant in error McNeal can be summed up briefly in the answers to certain questions made by the owner thereof, Mrs. Waters, as found in the record, as follows:

"Q. Do you know that the statutes of this state define a hotel? A. I was not running a hotel.

"Q. Well, what were you running? A. Just light housekeeping rooms.

"Q. Now, do you wish to stand on that, that you were running light housekeeping rooms? A. Yes, they was light housekeeping rooms.

"Q. In other words, you just rented.—A. Furnished rooms.

"Q. For light housekeeping? A. Yes.

"Q. That is all? A. Yes."

The affidavit charged no offense under the laws of Ohio, and, under the rule laid down in the case of **Truesdell v Combs,** 33 **Oh St,** 186, the plaintiff in error rendered himself liable for issuing a warrant under such affidavit.

The 4th paragraph of the syllabus of the Truesdell Case is as follows:

"Therefore, where a justice of the peace, without authority of law, issues a warrant of arrest, both he and the person at whose instance he so acts are liable in an action for false imprisonment at the suit of the party illegally arrested by virtue of such warrant."

Counsel for plaintiff in error insist that the rule in the Truesdell Case has been modified by the decision of our Supreme Court in the case of **Brinkman v Drolesbaugh,** 97 **Oh St** 171, 119 NE 451, L.R.A. 1918F, 1132. An examination of this case, does not disclose any modification of the rule above quoted. Judge Wanamaker, in rendering the opinion of the court in that case, uses the following language, on page 180 of 97 Oh St, 119 NE 451, 453:

"Of course if a magistrate issued a criminal warrant on an ordinary charge of slander against some man, which is not made an offense under the laws of the state of Ohio, and the officer served it and imprisoned some one, that would doubtless serve as a basis of action for false imprisonment, because there is no such offense, or if a magistrate issued a criminal warrant in a simple action for debt and caused the police officer to serve the same. In both such cases it would be most obvious that the magistrate acted entirely beyond his jurisdiction. The magistrate is not protected in such case. Neither is the officer serving his process."

Upon consideration of the section of the Code in question and the authorities, we are clearly of opinion that the plaintiff in error was without authority to issue a warrant based on said affidavit and cause the arrest of defendant in error. Defendant in error would therefore be entitled to recover at least compensatory damages.

It is apparent that the jury in this case in addition to compensatory damages also allowed punitive damages.

We have read the record in this case with care, and are of opinion that the conduct of the plaintiff in error in the administration of his office, as disclosed by his cross-examination, the conduct of defendant below, Gaither, in so far as his connection with this particular office is concerned, and the treatment of defendant in error at the time in question by both of these officials, warranted the jury in returning a verdict for punitive damages, provided they believed the story as told by defendant in error. The question of the credibility of witnesses is peculiarly within the province of the jury, and it was within their scope to determine whether the defendant in error was telling the truth as to what occurred on the night of the arrest, or whether the statements as made by the plaintiff in error and Gaither were correct. If they believed the testimony of defendant in error, and they evidently did, then we think the jury was justified in allowing punitive damages against the plaintiff in error, and against Gaither and Mrs. Waters, as well.

Without going into full detail, the record discloses a somewhat unusual situation in the management and conduct of this office. It discloses that Gaither had brought before Kuhn many similar cases, from fifty to one hundred; that they usually settled up. The plaintiff in error himself says that he has tried some 29,000 cases in the last eleven years, and has tried on an average of sixty to seventy cases a day for the past four years, and this is evidently given as an explanation for the manner in which his dockets were kept.

We also call attention to the special finding of fact made by the jury at the request of counsel for plaintiff in error:

"Do you find as a matter of fact, that the defendant A. C. Kuhn, either individually or officially, knew or was advised as to the merits of the transaction between the plaintiff and the defendants J. C. Gaither and Ella Waters, before the filing of the affidavit and the issuance of the warrant thereon? A. Yes."

If this case had been submitted to this court, we doubtless would not have allowed damages in the sum that was awarded by the jury and was permitted to stand by the trial court. However, both the trial court and the jury saw and heard the witnesses and had an opportunity to observe their demeanor. Upon consideration we are of opinion that this court would not be justified in disturbing the amount of the judgment.

If our conclusion is correct as to the affidavit charging no offense, then it becomes unimportant for us to consider certain other questons urged by counsel for defendant in error for the sustaining of this judgment.

We have considered all of the errors urged by counsel for plaintiff in error with reference to the charge of the court, the refusal to charge, the giving of special charges, the refusal to give certain findings of fact, and so forth, and after a consideration of the entire record are of the opinion that there is no error in the record which would warrant a reviewing court in disturbing the judgment. Same will therefore be affirmed.

Judgment affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.