**JONES v GROOMS et**

Ohio Appeals, 4th Dist, Adams Co

Decided June 8, 1936

## OPINION

By BLOSSER, J.

Stacey S. Jones, plaintiff in error, filed his petition in the Court of Common Pleas of Adams County, in which he alleged in substance that on January 1, 1932, the defendant, W. A. Grooms, qualified as a justice of the peace by giving bond in the sum of $1000, as required by law, with the defendants, other than W. A. Grooms, as sureties thereon, conditioned faithfully to perform the duties of his office; that prior to April 5, 1933, an action for the forcible detention of real estate was pending against the plaintiff before the above named justice and by the consideration of the justice a finding was made and judgment rendered against the plaintiff, and a judgment of ouster entered on the docket; that the plaintiff not having vacated the property, the justice without authority of law issued to the constable a certain paper writing commanding him to forthwith order the plaintiff to immediately vacate the property and remove therefrom all property belonging to plaintiff, and the justice by the paper writing further commanded the constable, if the order was not immediately complied with, to bring the plaintiff before the justice for sentence for contempt of court. and to make return of the order within five days; that the justice delivered the paper writing containing the orders to the constable, who, on April 10, 1933, brought the plaintiff before the justice by virtue of the order. whereupon the justice found the plaintiff guilty of contempt of court for failure to obey the order of the justice, and sentenced him to county jail for contempt for a period of fifteen days, and issued a pretended commitment to the keeper of the jail to imprison the plaintiff for that period for contempt of court. by virtue whereof the justice caused the plaintiff to be imprisoned in the jail from April 10, 1933, until April 12, 1933,. when he was discharged from custody on a writ of habeas corpus issued by the Court of Com-

Thomas G. Johnson. for plaintiff in error. C. S. Demint, West Union, F. R. Greenlee, West Union, and Robert S. Roush, West Union, for defendants in error.

mon Pleas; that the imprisonment by the defendant, W. A. Grooms, as such justice of the peace, was malicious and unlawful and that the defendant had no right or authority of law to cause this imprisonment, and that plaintiff was put to great expense in employing an attorney to escape the residue of the unlawful imprisonment; that the imprisonment was a violation of the terms of his bond requiring the faithful performance of W. A. Grooms' duty as justice of the peace, and that plaintiff has been damaged in the sum of $1000, for which he asks judgment. A general demurrer was filed to the petition by all of the defendants on the ground that the petition did not state facts sufficient to constitute a cause of action. The Court of Common Pleas sustained the demurrer of all the defendants, and the plaintiff thereupon prosecuted error to this court.

Courts of general jurisdiction have inherent power to punish for contempt. Courts of limited jurisdiction such as justices of the peace, have no such inherent power and have only such power to punish for contempt as is conferred by statute. **9 Ohio Jurisprudence, 111, 119; 6 Ruling Case Law, 520.** See also annotation in 8 A.L.R. 1548.

**Sec 1735, GC**, provides:

"A justice may punish as for a contempt, persons guilty of the following acts and no others:

"1. Disorderly, contemptuous, or insolent behavior toward the justice, tending to interrupt the due course of trial, or other judicial proceeding before him.

"2. A breach of the peace, boisterous conduct, or violent disturbance, tending to interrupt the due course of a trial, or other judicial proceeding.

"3. Wilful resistance in the presence of the justice, to the execution of a lawful order, or process, made or issued by him."

The refusal to obey an order can not be considered a contempt unless committed in the presence of the justice. **9 Ohio Jurisprudence 120.**

In the forcible detention case the justice had authority to issue an order of restitution, and it was the duty of the constable in that case to remove the defendant and his property from the real estate in question. After the constable had exercised this authority the jurisdiction of the justice was exhausted in the forcible detainer case. The justice had no jurisdiction to proceed as for contempt. If the plaintiff after being removed from the premises, had re-entered he was a mere trespasser as much so as any stranger, and was subject to be prosecuted as a trespasser. In issuing the order of contempt and committing the plaintiff to jail the justice exceeded his jurisdiction and is liable in damages. This is the general rule and is fully established in the case of **Truesdell v Combs, 33 Oh St 186:**

"1. Justices of the peace, while acting within the scope of their authority, are not answerable in a private action for the erroneous exercise of the judicial functions with which they are invested by law.

"2. But such justices, and other inferior tribunals, which are invested only with special jurisdiction, and clothed with limited authority, must, at their peril, keep within their prescribed jurisdiction; and if they transcend the limits of their authority, they are answerable to any one whose rights are thereby invaded.

"3. And, in such case, honesty of purpose while it may mitigate damages, can not justify a clear usurpation of power.

"4. Therefore, where a justice of the peace, without authority of law, issues a warrant of arrest, both he and the person at whose instance he so acts are liable in an action for false imprisonment at the suit of the party illegally arrested by virtue of such warrant."

This rule has been followed with approval in **Truman v Walton, 59 Oh St 517, 530, 53 NE 57; Kuhn v McNeal, 41 Oh Ap 485, (12 Abs 117), 181 NE 153; Lehman v Harvey, 45 Oh Ap 215, 218, (14 Abs 494) 187 NE 28; Kaptur v Kaptur, 50 Oh Ap 91, (18 Abs 284), 197 NE 496.** The same question in principle was before the court in the case of **Kushman v Michael, 2 O.L.R. 467** (affirmed without report by the Supreme Court in **76 Oh St 565**), where it is said:

"Judge Pfleger held, under the first clause of §605 (now §1735, GC) contemptuous language towards the court could only be a contempt when committed in the presence of the justice, and that. paradoxical as it might seem, while the justice had authority to issue process to carry into effect the replevin judgment, and it was a wilful resistance to the execution of a lawful order or process to refuse to obey the same, it would not be a contempt unless such a

resistance was in the 'presence of the justice'."

See also, 24 **Ohio Jurisprudence, 313, 315** and 16 Ruling Case Law, 344.

Under the authorities cited it is evident that the petition states a cause of action against the defendant Grooms, and the demurrer was erroneously sustained by the trial court as to this defendant.

We will next consider whether the petition states a cause of action against the sureties on the official bond of the justice. A copy of this bond is not set forth in the petition and the only reference thereto in the petition is as above set forth. §1721, **GC**, provides that the bond of a justice of the peace "* * * shall be conditioned that the justice shall well and truly pay over according to law all money which may come into his hands by virtue of his commission, and faithfully perform every ministerial act enjoined upon him by law."

The condition of the bond in question does not strictly comply with this statute, as shown by the pleading. The bond, regardless of its terms can only be conditioned to cover ministerial duties and to secure all for whom he received money in his official capacity. Its conditions do not relate to or cover the discharge of judicial duties by the justice. 24 **Ohio Jurisprudence 333.** The liability of the sureties can not be enlarged beyond the terms of the statute. The act of the justice of the peace was plainly a judicial act without any authority of law therefor, and because it was a judicial and not a ministerial act the sureties on the bond are not liable.

The judgment of the lower court, so far as it relates to the sustaining of the demurrer of the defendant Grooms, is reverse and judgment will be entered herein overruling the demurrer of the defendant to the petition. The judgment of the lower court so far as it relates to the sustaining of the demurrer of the other defendants is affirmed. The cause will be remanded to the Court of Common Pleas for further proceedings according to law.

Judgment reversed in part and affirmed in part.

MIDDLETON, PJ, and McCURDY, J, concur.