IN RE SHELTON.

(No. 1088—Decided March 4, 1957.)

*Mr. C. W. Long,* for petitioner.
*Mr. Anthony J. Bowers,* prosecuting attorney, for respondent.

GUERNSEY, J. This is a proceeding brought originally in this court on July 2, 1956, by Woodrow Shelton, petitioner, against the Sheriff of Allen County, Ohio, seeking a writ of habeas corpus for the discharge of petitioner from the custody of the sheriff.

In his petition filed herein, the petitioner, among other things, alleges that he was "imprisoned and restrained of his liberty by Clay T. Cotterman as Sheriff of Allen County, Ohio, in the jail of said county without any legal authority, but under color of a pretended state warrant which is hereto attached, made a part hereof, and marked 'Exhibit A.' " Omitting the formal parts thereof, "Exhibit A," signed by James L. Frank as justice of the peace on June 29, 1956, reads as follows:

"To any peace officer, Greeting: Whereas, Complaint has been made before me, one of the justices of the peace in and for the county aforesaid, upon the oath of Caratha Carrall [sic], that Woodrow Shelton did, on or about the 25th day of May, 1956, at the County of Allen take a .32-20 Smith & Weston police pistol belonging to one Caratha Caroll [sic] and was ordered to produce the gun by June 28 which the defendant failed to do on order of this court to produce gun or do 30 days in the Allen Co. Jail.

"These Are Therefore, to command you to take the said Woodrow Shelton if he be found in your county, or, if he is not found in your county, that you pursue after him to any other county in this state, and take and safely keep the said Woodrow Shelton, so that you have his body forthwith before me or some other magistrate of said county, to answer the said complaint, and be further dealt with according to law."

Sheriff Cotterman being out of the state of Ohio, a return was filed on his behalf by Richard Costello, deputy sheriff in charge of the county jail during the absence of Cotterman, which return admitted that he had Shelton in his custody on the filing of "said writ of habeas corpus" and further stated that "Woodrow Shelton was confined to the Allen County Jail pursuant to a commitment order issued by Justice of the Peace James L. Frank, on or about June 29th, 1956. * * * A copy of the said commitment is attached hereto and made a part of this

return." The copy of the commitment so attached, omitting formal parts, reads as follows:

"To the keeper of the jail of the county aforesaid, Greeting:

"Whereas, Woodrow Shelton has been arrested, on the oath of Caretha Caroll [sic], for Larceny, 2907.20 of the Revised Code of Ohio and failing to obey an order of court, and has been brought before me on such charge, and found guilty and sentenced to be imprisoned in the county jail of said county for the term of 30 days and that he pay * * *, and the costs of prosecution taxed at $. . . . . . .

"Therefore, in the name of the state of Ohio, I command you to receive the said Woodrow Shelton into your custody, in the jail of the county aforesaid, there to remain until the term of his sentence expires and until such fine and costs are paid or secured to be paid, or he is otherwise legally discharged. He shall receive credit upon such fine and costs, at the rate of $3.00 per day for each day's imprisonment.

"Given under my hand this 29th day of June, 1956.

"/s/ James L. Frank, Justice of
the Peace."

On the reverse of the commitment appears the following return:

"Lima, Ohio, June 29, 1956. Received this writ on the 29th day of June, 1956, at 4:00 o'clock p. m., and pursuant to its command on the 29th day of June, 1956, I delivered the within named Woodrow Shelton to the custody of the within named jailer, with a record of h. . conviction, and with whom I left a certified copy of this writ.

"Clay T. Cotterman, Sheriff
"By: /s/ Richard S. Costello,
"Deputy."

Upon the hearing of this cause in this court, the petitioner orally demurred to the return filed on behalf of the sheriff, and the demurrer was thereupon overruled.

Petitioner testified and called as his witnesses, Justice of the Peace James L. Frank, deputy sheriff Lonnie Furniss and deputy sheriff Richard L. Costello. No witnesses were called on behalf of Sheriff Cotterman.

From the exhibits introduced and admitted and from said testimony, the following facts pertinent to this proceeding were adduced.

On May 26, 1956, Carutha Caroll executed and filed in the court of Justice of the Peace James L. Frank, Perry Township, Allen County, Ohio, an affidavit, the body of which reads as follows:

"Before me, James L. Frank, a justice of the peace of said county, personally came Carutha Caroll, who being duly sworn according to law, deposes and says that on or about the 25 day of May 1956, at the County of Allen, one Woodrow Shelton E-13 St. did willfully and unlawfully take a 32-20 special police pistol, Smith & Western [*sic*], belonging to one Caretha Caroll [*sic*] in violation of Section 2907.20 of the Revised Code of Ohio."

Following the filing of the affidavit the justice of the peace issued, on May 26, 1956, over his signature, a warrant for the arrest of Woodrow Shelton, which, in charging the purported offense, incorporated the language used in charging the purported offense in the affidavit.

Various of petitioner's witnesses testified, and the criminal docket of Justice of the Peace Frank and the return on the warrant show, that the petitioner was arrested and brought before the justice of the peace on May 28, 1956, at which time, after being in open court, being advised of his rights, being arraigned, pleading guilty, and signing by mark a written waiver of trial by jury, he was tried by Justice of the Peace Frank and sentenced. Petitioner testified that he was not advised of his rights, did not plead guilty, and did not sign a written waiver of jury trial.

At the conclusion of the trial, petitioner was found guilty as charged and, thereupon, sentenced.

The only entry in the criminal docket of the justice of the peace, on the page thereof pertaining to the case and at the only place on the page where the printed material provides for the entering of a sentence, is as follows, with italics added to show that portion thereof in the handwriting of the justice of the peace:

"and does adjudge and sentence that said defendant *pay cost produce gun or do 30 days in jail,* pay a fine of .......... Dollars and the costs of prosecution, taxed at *$7.00.*"

It appears further from the evidence that following the sentence the petitioner did pay the costs of the case and the justice of the peace caused to be delivered to him a receipt for same dated May 28, 1956, and that no commitment was at that time issued and the petitioner was permitted to return to his home. There was also testimony that the petitioner told the justice of the peace that he had thrown the gun in question into Hog Creek and that he had no intention of going into the creek after it.

Nothing further transpired until June 29, 1956, at which time the justice of the peace of his own volition issued the original of the warrant mentioned in the petition and hereinbefore quoted. No entry of the issuance of that warrant appears on the docket of the cause in the justice of the peace court. Thereupon, deputy Costello took the petitioner into custody, transported him to, and confined him in, the Allen County Jail on June 29. Thereafter, on the same day, Justice of the Peace Frank gave to deputy Costello the original of the commitment, hereinbefore mentioned and quoted as being attached to the return of the sheriff filed in this cause in this court. The docket of the justice of the peace indicates that a commitment was issued, but does not reflect the date thereof or the return thereof. The justice of the peace testified that he issued the warrant and commitment of June 29, 1956, because petitioner had not produced the gun to him within 30 days after sentence, and that the petitioner, after being taken into custody pursuant to said warrant, was not given any opportunity to be heard either before or after confinement in the Allen County Jail as to why he had not produced the gun.

On July 2, 1956, following the filing of the petition, the sheriff produced the petitioner in court, bond was set by a judge of this court, the cause continued, and the petitioner released on filing the bond.

The petitioner alleges his imprisonment to be unlawful for the following reasons:

1. That said justice had no jurisdiction to make a final de-

termination of the guilt or innocence of the petitioner for petitioner was not advised of the charge against him and of his right to have counsel, did not plead guilty, and did not sign a written waiver of jury trial.

2. That the said justice had no jurisdiction to try the petitioner, for the facts stated in the affidavit purporting to charge larceny do not state an offense punishable by the laws of Ohio, in that (a) facts constituting a stealing are not alleged; and, (b) the value of the pistol is not alleged.

3. That that part of the sentence which purported to require the petitioner to "produce gun," within thirty days or at any time, was an illegal and void sentence for any charge based on the violation of Section 2907.20 of the Revised Code, and that the warrant issued pursuant to and the commitment based on such illegal sentence were likewise illegal and void.

4. That if the commitment issued in this cause was based upon the purported contempt of a lawful order of the said justice of the peace court, the commitment would be illegal and void for the reason that the petitioner had not been given the opportunity to be heard in defense, or excuse of said purported contempt.

We will consider the contentions made by the petitioner, in the order in which they above appear.

A. Although we are well aware that the rule, that a party cannot directly impeach his own witness, cannot be taken as necessarily meaning that a party is bound by what his witness says, and that a party may show his witness to have been mistaken as to a particular fact by means of other witnesses, we have in this cause, however, a situation where witnesses called by the petitioner testified that petitioner was advised by the justice of the peace of the charge against him and of his right to have counsel, that petitioner did plead guilty and did sign a written waiver of trial by jury, and that the only evidence contradictory to this was the testimony of petitioner himself. We must recognize that the contradiction existing as to these matters does not appear from the testimony of other witnesses, but from the self-serving testimony of the petitioner. The entries in the criminal docket of the justice of the peace agree with the testimony of the witnesses called by the petitioner with

respect to his having pleaded guilty and his having waived in writing his right to a trial by jury. There are no entries in the criminal docket of the justice of the peace which either support or contradict the testimony of the witnesses called by the accused that he was advised of the charge against him and of his right to have counsel. Under this state of facts the petitioner has not proved by the requisite degree of proof that he was not advised by the justice of the peace of the charge against him and of his right to have counsel, that he did not plead guilty, and that he did not sign a written waiver of jury trial; and we are, therefore, of the opinion that petitioner's first contention is without merit.

B. We come now to petitioner's second contention as to the inadequacy of the affidavit to give a justice of the peace jurisdiction. It will be noted that the words in the affidavit which purport to charge an offense, are that "one Woodrow Shelton E-13 St. did *willfully and unlawfully take* 32-20 Special Police Pistol, Smith & Western [*sic*], belonging to one Caretha Caroll [*sic*] in violation of Section 2907.20 of the Revised Code of Ohio." (Emphasis added.)

Section 2907.20 of the Revised Code, pertaining to larceny, reads as follows:

"No person shall steal anything of value.

"Whoever violates this section is guilty of larceny, and, if the value of the thing stolen is sixty dollars or more, shall be imprisoned not less than one nor more than seven years. If the value is less than sixty dollars, such person shall be fined not more than three hundred dollars or imprisoned not more than ninety days, or both."

Section 2941.07 of the Revised Code, pertaining to the forms which may be used in charging offenses, in its pertinent portions reads as follows:

"The following forms may be used in charging offenses:
"* * *

"Larceny. A. B. stole from C. D. . . . . . . . . of the value of one hundred dollars."

The Supreme Court of Ohio, in the case of *State* v. *Mann,* 25 Ohio St., 668, held:

"In an indictment for larceny, the word 'steal' implies a carrying away; and, therefore, an indictment for larceny of a sheep, charging that the defendant did 'feloniously steal, take, and drive' the sheep without alleging that he drove or carried it *away*, sufficiently describes the offense under our statute."

The following appears in 82 Corpus Juris Secundum, 1037, with reference to the word "steal."

"The word 'steal' itself imports a wrongful taking and appropriation of the property of another to the taker's own use and benefit, and thus is defined as meaning to take and carry away feloniously; to take without right or leave and with intent to keep wrongfully; to take or appropriate without right or leave, and with intent to keep or make use of wrongfully; to take and carry away property of another with the felonious intent to deprive the owner thereof, and to appropriate it to one's own use; the felonious taking and carrying away personal goods of another."

It is apparent from these authorities that use of the word "steal" carries with it all the essential elements of the crime of larceny. Our statute modifies the common-law crime of larceny only by requiring that the stealing be of "anything of value." The affidavit filed in the court of Justice of the Peace Frank at no place uses the word "steal," but, on the contrary, uses the term, "did willfully and unlawfully take."

The definition of the word, "*Willful*," in 94 Corpus Juris Secundum, 622, reads:

"The words 'willful' and 'willfully,' as ordinarily employed, mean nothing more than that the person, of whose action or default the expressions are used, knows what he is doing, intends what he is doing, and is a free agent; that is, that what has been done arises from the spontaneous action of his will."

The article on the word, "*Unlawful*," in 91 Corpus Juris Secundum, 491, states:

"In its ordinary connotation, the word 'unlawful' applies to the commission of an act prohibited by law, but it does not denote a crime in every instance, and it does not necessarily imply the element of criminality, and does not in itself embrace the elements of either a statutory or common-law crime, and the word does not necessarily mean contrary to law."

One of the paragraphs on *"Larceny"* in 52 Corpus Juris Secundum, 867, Section 75, says:

"The allegations of an indictment or information for larceny generally must show a taking or stealing, *and* an asportation, of the property involved, but ordinarily need not show the manner in which the taking *and* carrying away was accomplished." (Emphasis added.)

The text on *"Larceny"* in 32 American Jurisprudence, 902, Section 16, reads:

"Although a felonious taking is an essential element of larceny, it is not, in itself, sufficient to constitute the crime at common law and under statutes declaratory thereof. It must be followed by such an asportation or carrying away as to supersede the possession of the owner for an appreciable time."

The text on *"Indictment & Information"* in 21 Ohio Jurisprudence, 715, Section 31, reads:

"Generally speaking, an affidavit does not require the same strictness as an information or indictment, except from the standpoint of informing the accused of the nature and cause of the accusation against him, in which respect it must be as definite and particular in its allegations as an indictment."

In this latter respect, it has been held by this court, in the case of *State* v. *Holbrook*, 95 Ohio App., 526, 121 N. E. (2d), 81, that there can be no valid conviction under an affidavit which does not charge an offense under the law, and such defect is not cured by a plea of guilty.

We must hold, therefore, in the case now before us, that the phrase, "did willfully and unlawfully take," omits the element of asportation essential to the offense of larceny and is not synonomous with the word, "steal," and that an affidavit which uses such phrase without also using other words alleging an asportation does not charge the offense of larceny prohibited by Section 2907.20 of the Revised Code. The affidavit did not charge an offense under the laws of Ohio, and such defect was not cured by the petitioner's plea of guilty.

Taking this view of the affidavit, we are of the opinion and find that petitioner's second contention is well taken and there is no necessity to consider whether the affidavit was also defective because the value of the pistol was not alleged therein.

C. Coming now to petitioner's third contention as to the illegality of the sentence, we desire to point out that the second paragraph of Section 2907.20 of the Revised Code, hereinbefore quoted, prescribes the penalty for the lesser degree of larceny to be a fine of not more than three hundred dollars or imprisonment for not more than ninety days, or both, whereas the penalty for the greater degree of larceny is prescribed as imprisonment for not less than one nor more than seven years. There is no part of either of said penalties which either prescribes or permits any court imposing as part of the sentence, that the defendant "produce" the thing stolen. We recognize that courts have power, under Sections 2947.11, 2947.13, and 2951.02 *et seq.*, Revised Code, under the circumstances therein provided, to impose conditional sentences, to suspend sentences in whole or in part, upon such terms as the court may impose, and to place defendants on probation.

However, we do not have a conditional sentence or a suspended sentence in the case before us, nor has the defendant been placed on probation. We have a sentence that the defendant "pay cost produce gun or do 30 days in jail." The requirement that the defendant "produce gun" is made just as much a part of the sentence as the requirements that he "pay cost" and "do 30 days in jail."

The Supreme Court of Ohio held, in the syllabus of the case of *Dillon* v. *State,* 38 Ohio St., 586, that:

"When the accused is properly convicted, it is the duty of the court to 'pronounce the judgment provided by law,' and a judgment imposing a greater or less fine or imprisonment than the statute prescribes, may be reversed * * *."

For the same reasoning, a part of a sentence which is not prescribed or provided for by statute must be held to be illegal and void. We are, therefore, of the opinion and hold that petitioner's third contention is well taken.

D. Coming now to petitioner's fourth and final contention, we note that it would appear from the language of the warrant and the commitment issued under date of June 29, 1956, that the petitioner was arrested and committed to jail as if he were in contempt of court for not producing the gun in question within 30 days of the sentence.

It is a rule of law in Ohio that courts of limited jurisdiction, such as justices of the peace, have no inherent power to punish for contempt and have only such power to punish for contempt as is conferred by statute. See *Jones* v. *Grooms*, 56 Ohio App., 351, 10 N. E. (2d), 958. This limitation on the power of a justice of the peace is specifically recognized by Section 1907.22, Revised Code, which, before listing the acts for which a person might be punished for contempt by a justice of the peace, states:

"A justice of the peace may punish as for a contempt, persons guilty of the following acts, *and no others*: * * *" (Emphasis added.)

We need not consider, however, whether any act committed by the defendant could have been punished by Justice of the Peace Frank as for a contempt, for even if the justice had jurisdiction to do so, he could exercise it only in the manner prescribed by Section 1907.23, Revised Code, which provides as follows:

"A warrant of arrest may be issued by a justice of the peace, on which the guilty person under Section 1907.22 of the Revised Code may be arrested *and brought before such justice,* at which time *an opportunity to be heard in defense, or excuse, must be given.* Such justice may discharge or convict such person for the offense, and adjudge a punishment by fine or imprisonment, or both. Such fine shall not be more than twenty dollars, and *such imprisonment shall not be more than ten days.*" (Emphasis added.)

In the case now before us, if the petitioner were committed to jail as if in contempt, such commitment would be illegal and void for each of the reasons that (1) he was not brought before the justice of the peace; (2) he was not given an opportunity to be heard in defense or excuse; and (3) his imprisonment was to exceed ten days. For these reasons, it is our opinion, and we must hold, that petitioner's fourth contention is well taken.

For the reasons mentioned in answer to petitioner's second, third and fourth contentions, the petitioner is entitled to be discharged, and is hereby ordered discharged, from the custody of the respondent sheriff, and the bond heretofore given

by him for his release from custody pending the determination of this cause is hereby ordered cancelled. The state of Ohio is directed to pay the costs of this proceeding in the manner provided by law.

*Defendant discharged.*

MIDDLETON. P. J., and YOUNGER, J., concur.