Hillsborough,
No. 5074.

STATE *v.* MICHAEL J. TIERNEY.

Argued January 2, 1963.

Decided February 21, 1963.

*William Maynard*, Attorney General, *Frederic T. Greenhalge*, Assistant Attorney General and *Conrad Danais*, county attorney, (*Mr. Greenhalge* orally), for the State.

*Alfred Catalfo, Jr.* (by brief and orally), for the defendant.

LAMPRON, J.  The indictment charged that Michael J. Tierney "with force and arms about the hour of 8:00 o'clock in the nighttime of the . . . 2nd day of August, 1961, the building of one . . . Myslivy . . . situated at 31 Auburn Street in . . . Manchester, feloniously did break and enter with intent the monies, goods and chattels of the said . . . Myslivy, in the said building then and there being, then and there feloniously did steal, rob, take and carry away."

This indictment is not recommended as a prototype.  In view of the intricacies of our statutes relating to burglary and breaking and entering buildings (*State* v. *Mihoy,* 98 N. H. 38, 41) the preparation of an indictment thereunder calls for particular care on the part of prosecutors.  In this case, the question is raised whether the offense charged is under RSA 583:3 or RSA 583:4. Both of these sections carry the same penalty.  *Cf. State* v. *Messenger,* 58 N. H. 348.  If the word "to" is read for the word "did" as the seventh word from the end of the above quoted portion of the indictment it clearly alleges an offense in violation of RSA 583:4.  The omission of a description of any article actually

stolen is also substantiation that an offense under that section was being charged. See *State* v. *Fogg*, 92 N. H. 308, 309; *Bays* v. *State*, 240 Ind. 37; 9 Am. Jur., Burglary, *s.* 46, *p.* 262.

It is the breaking and entering with felonious intent which is essential to the offense prohibited by section 4. *State* v. *Skillings*, 98 N. H. 203, 208; 2 Wharton's Criminal Law and Procedure, *s.* 410, *p.* 30. As drawn, the indictment literally charged both breaking and entering, and larceny, although no conjunction preceded the latter allegation. An intent to commit larceny is included in a charge of larceny (*State* v. *Wilson*, 59 N. H. 139; *Petition of Carson*, 141 Me. 132) and the charge that the respondent "did steal" is a charge that he intended to steal. *State* v. *Wilson, supra*. The Trial Court instructed the jury that the defendant was being tried for a violation of RSA 583:4 and by their verdict the jury must have found him guilty of that offense. *State* v. *Story*, 97 N. H. 141, 161.

To be valid an indictment need not conform to "a scientific system of allegations." *State* v. *Ball*, 101 N. H. 62, 63. "The administration of criminal law should be conducted in accordance with the dictates of common sense." *Petition of Carson, supra*, 134. "In the light of modern conditions any complaint or indictment should be considered adequate if it informs the defendant 'of the nature and cause of the accusation with sufficient definiteness' so that he can prepare for trial." *State v. Ball, supra*. We are of the opinion this indictment met that test.

The state had the burden of proving that the entry was made by the defendant with the felonious intent to commit larceny. *State* v. *Skillings, supra*. There was evidence that the defendant entered the building in which he was found by breaking a window, hoisting himself up on a truck parked nearby and jumping inside. There was testimony that he was found "hiding under a bottom of a rack," in the stockroom of the City Motor Service and Supply Company, the building which he had entered. There was further evidence that the following morning a file cabinet in the office of the company was found "jimmied" and damaged. A police officer testified that the defendant when questioned by him at the police station said "I must have been in there after money." The jury could properly find on the evidence that the defendant broke and entered the building in question with intent to commit a larceny which was the issue submitted to the jury. The parties

agreed during the course of the trial that the entry made at about eight o'clock in the evening of August second was in the daytime within the provisions of RSA 583:4.

*Exceptions overruled.*

All concurred.