State v. Wilson

of one (1) year. On the count of felonious larceny, the trial court sentenced the defendant to a prison term of three (3) years, sentence suspended, and placed the defendant on probation for five (5) years. Defendant appealed.

*James H. Carson, Jr., Attorney General, by Assistant Attorney General Keith L. Jarvis for the State.*

*Carl E. Gaddy, Jr., for defendant appellant.*

---

STATE OF NORTH CAROLINA v. RONALD GREGORY WILSON

No. 7415SC720

(Filed 16 October 1974)

**1. Larceny § 7— larceny of automobile — sufficiency of evidence**

In a prosecution for larceny of an automobile, evidence was sufficient to be submitted to the jury where it tended to show that the vehicle in question was parked in a service station lot, a service station attendant saw the car leave the lot, neither the owner nor the attendant gave anyone permission to drive the car, an officer shortly thereafter apprehended defendant as he was driving the vehicle, and defendant could produce no vehicle registration card.

**2. Larceny § 1— felonious intent defined**

Felonious intent, as applied to the crime of larceny, is the intent which exists where a person knowingly takes and carries away the

personal property of another without any claim or pretense of right with the intent wholly and permanently to deprive the owner of his property and to convert it to the use of the taker or to some other person than the owner; the trial court's instruction on felonious intent was proper in this case.

APPEAL by defendant from *Clark, Judge,* 25 February 1974 Session of Superior Court held in ORANGE County. Heard in the Court of Appeals on 18 September 1974.

This is a criminal prosecution brought on a bill of indictment, proper in form, charging the defendant, Ronald Gregory Wilson, with the larceny of a 1973 automobile valued at $4,800. From a verdict of guilty and a judgment imposing a prison sentence of not less than four but not more than six years, the defendant appealed.

*James H. Carson, Jr., Attorney General, by Associate Attorney Charles J. Murray for the State.*

*Haywood, Denny & Miller by Emery B. Denny, Jr., and William N. Farrell, Jr., for the defendant appellant.*

HEDRICK, Judge.

[1] The first question for resolution on this appeal is whether the trial court erred in denying the defendant's motions for judgment as of nonsuit.

The State's evidence tended to show the following: Jackie Diane Snipes was the owner of a 1973 green and tan Cutlass automobile on 11 October 1973. Jackie Snipes lives in Chapel Hill and works for the University of North Carolina. On the morning of 11 October 1973 her boyfriend, Mel Baker, drove her to work and took her car to Baker's 66 Service Station on West Franklin Street in Chapel Hill, where he worked, for servicing. Jackie Snipes did not know the defendant and did not give him permission to drive her car on that day. She did not give Mel Baker permission to let anyone drive her car.

Mel Baker testified that he parked the car in the service station lot. He testified that he saw the Snipes car leave the lot at approximately 11:25 a.m. It was headed east on Franklin Street towards Durham. He further testified that he did not know the defendant and had not given anyone permission to borrow the car.

Officer C. E. Baldwin of the Durham Police Department testified that at about 11:25 a.m. on 11 October 1973 he received a report to be on the lookout for a green and tan Cutlass headed toward Durham from Chapel Hill which had allegedly been stolen. About ten or fifteen minutes later, Officer Baldwin saw a car fitting this description headed north on I-85. He gave a pursuit and stopped the vehicle. Officer Baldwin testified that the defendant was driving the automobile and that the defendant was unable to produce a registration card for the car. Upon checking the license number of the automobile through the Department of Motor Vehicles, Officer Baldwin discovered that the car belonged to Jackie Diane Snipes. Baldwin further testified that the defendant denied he had stolen the car and that the defendant stated he had borrowed the car from a friend so that he could go to Durham to renew his driver's license.

The defendant contends that the State failed to introduce sufficient evidence to establish that the defendant intended to permanently deprive Jackie Diane Snipes of her automobile. He contends that the exculpatory statements of the defendant introduced by the State are not contradicted by other facts and circumstances and that they negate the existence of a "felonious intent" on the part of the defendant.

It is well established that "[w]here some of the evidence introduced by the State tends to inculpate a defendant and other portions of it tend to exculpate him, the incriminating evidence requires submission of the case to the jury, and the State is not precluded from showing the facts to be other than as stated in a declaration of the defendant as related by one of its witnesses." *State v. McCuien*, 15 N.C. App. 296, 302, 190 S.E. 2d 386, 390 (1972), cert. denied, 282 N.C. 154, 191 S.E. 2d 603 (1972) (citations omitted). In this case the record is replete with evidence which, when viewed in the light most favorable to the State, tends to incriminate the defendant. This assignment of error is overruled.

[2] The defendant also contends that the trial court erred to his prejudice in refusing to instruct the jury as requested with respect to "felonious intent." "Felonious intent," as applied to the crime of larceny, "is the intent which exists where a person knowingly takes and carries away the personal property of another without any claim or pretense of right with the intent wholly and permanently to deprive the owner of his property and to convert it to the use of the taker or to some other person

than the owner. * * * And, what is meant by 'felonious intent' is a matter for the court to explain to the jury and no exact words are required to instruct the jury as to its meaning." *State v. Wesson,* 16 N.C. App. 683, 687, 193 S.E. 2d 425, 428 (1972) (citations omitted).

We have carefully reviewed the charge to the jury and are of the opinion that the trial court correctly declared and explained the law with respect to "felonious intent" and correctly applied the evidence to this element of the offense charged. The defendant was afforded a fair trial free from prejudicial error.

No error.

Judges BRITT and BALEY concur.