Pursuant to his sustained motion for reopening under App. R. 26(B), defendant-appellant, David Bailey, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of felonious assault.
In defendant's initial appeal, his counsel raised one error, dealing with the trial court's jury instructions. This court overruled defendant's assignment of error and affirmed appellant's conviction. State v. Bailey (Dec. 11, 1997), Franklin App. No. 97APA06-754, unreported (Memorandum Decision).
On April 9, 1998, this court granted defendant's application for reopening of his appeal pursuant to App. R. 26(B), finding that defendant had set forth a colorable claim of ineffective assistance of appellate counsel for failing to raise an alleged error in defendant's sentencing. State v. Bailey (Apr. 9, 1998), Franklin App. No. 97APA06-754, unreported (Memorandum Decision). In the reopened appeal, defendant's new counsel assigns the following errors:
 THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT IN ACCORDANCE WITH S.B. 2 SINCE APPELLANT SHOULD HAVE BEEN SENTENCED UNDER THAT BILL, SINCE S.B. 269'S [sic] ATTEMPT AT AN UNPUBLISHED AMENDMENT OF R.C. 1.58(B) IS VOID. SECTION 16, ARTICLE I AND SECTION 15(D), ARTICLE II, OHIO CONSTITUTION; SECTION 1, FOURTEENTH AMENDMENT, UNITED STATES CONSTITUTION.
 THE APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER SECTION 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION IS DENIED WHEN TRIAL COUNSEL FAILED TO OBJECT WHEN THE TRIAL COURT DID NOT SENTENCE THE DEFENDANT UNDER S.B. 2. [sic] TERMS AND CONDITIONS.
 THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW BY JOURNALIZING AN ENTRY WHICH INCREASED APPELLANT'S SENTENCE BY IMPOSING "BAD TIME" PURSUANT TO R.C. 2929.19(B)(3)(B) AND POST-RELEASE CONTROL PURSUANT TO R.C. 2929.19(B)(3)(C)(D) AND (E) WHEN IT HAD FAILED TO PRONOUNCE THOSE TERMS IN OPEN COURT AT SENTENCING.
Defendant's first assignment of error asserts he should have been sentenced under the terms of Am.Sub.S.B. No. 2 (S.B. 2). In State v. Rush (1998), 83 Ohio St.3d 53, the Ohio Supreme Court rejected the same argument and held that the provisions of S.B. 2 apply only to those crimes committed on or after July 1, 1996, the effective date of that legislation. Id. at 58. Defendant committed his offense on June 15, 1996, before the effective date of S.B. 2. Accordingly, the provisions of S.B. 2 do not apply to defendant's offense, and the trial court did not err in sentencing defendant pursuant to the law in existence before S.B. 2. Defendant's first assignment of error is overruled.
Defendant's second assignment of error asserts his trial counsel was ineffective for failing to object to the trial court's applying pre-S.B. 2 law in sentencing defendant. To proceed on a claim of ineffective assistance of counsel, a defendant must first show counsel's performance was so deficient that it was unreasonable under prevailing professional norms. Strickland v. Washington (1984),466 U.S. 668. A defendant then must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
Defendant has not established that trial counsel's performance was unreasonable under prevailing professional norms. Having found that the trial court did not err in sentencing defendant under the pre-S.B. 2 law that existed at the time of the offense, the failure to raise that meritless claim in the trial court can not be ineffective assistance of counsel. State v. Thompson (Mar. 24, 1998), Franklin App. No. 97APA04-489, unreported (1998 Opinions 681) (finding that trial counsel was not ineffective for failing to advance claims that were meritless).
Defendant's third assignment of error asserts the trial court erred by imposing on defendant conditions that were part of the post-S.B. 2 sentencing laws, while at the same time imposing a term of incarceration in accordance with pre-S.B. 2 law. Specifically, in its judgment entry sentencing defendant, the trial court not only sentenced defendant to a prison term of six-to-fifteen years, but also found that a prison term was mandatory pursuant to R.C. 2929.13(F), and notified defendant of the "possibility of 'Bad Time' pursuant to R.C.2929.19(B)(3)(b) and the applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c)(d) and (e)." (May 6, 1997 Judgment Entry.) Defendant contends that the mandatory prison term and the conditions of bad time and post-release control were improperly imposed.
The mandatory jail time, as well as the conditions of bad time and post-release control, were all part of the changes that S.B. 2 made to the sentencing laws in Ohio. Because they did not exist under pre-S.B. 2 sentencing laws, they should not have been imposed on defendant. Rush, supra, paragraph two of the syllabus.
"[A] part of a sentence which is not prescribed or provided for by statute must be held to be illegal and void." In reShelton (1957), 103 Ohio App. 436, 445; see, also, Dillon v.State (1883), 38 Ohio St. 586. The void portion of the sentence, however, does not affect the validity of the conviction or of the entire sentence. Colegrove v. Burns
(1964), 175 Ohio St. 437, 438; Johnson v. Sacks (1962),173 Ohio St. 452, 454. Accordingly, because the trial court erred in imposing a sentence on defendant that included aspects not part of the sentencing laws that applied to defendant, defendant's third assignment of error is sustained and the portions of the judgment entry that refer to mandatory prison term under R.C. 2929.13(F), bad time under R.C.2929.19(B)(3)(b) and post-release control under R.C.2929.19(B)(3)(c)(d) and (e) are void and are stricken. State v.Bilder (1987), 39 Ohio App.3d 135 (striking from the record portions of sentence that were not provided for by statute).
Having overruled defendant's first and second assignments of error, but sustaining his third assignment of error, we affirm the judgment of conviction but modify the sentence imposed, as set forth in this decision.
Judgment affirmed as modified.
BOWMAN and BROWN, JJ., concur.